Isaac Thurman, plaintiff in error, vs. The State of Georgia, defendant in error.

The Act of 5th March, 1856, establishing a Criminal Court in the City of Atlanta, and authorizing a bill of indictment, in case of misdemeanors, to be found by nine Grand Jurors, not unconstitutional.

*Certiorari*, from Fulton county. Decided by Judge BULL, October Term, 1857.

The facts of this case are stated in the opinion pronounced by the Court.

HAMMOND & SON, for plaintiff in error.

SOL. GEN'L, *contra*.

*By the Court.*—LUMPKIN, J. delivering the opinion.

On the 5th of March, 1856, the Legislature passed an Act, to organize and establish a criminal Court in the cities of Columbus, Macon, Atlanta and Rome, and to define its jurisdiction.—See *Pamphlet Acts* 240.

By the 7th section of this Act, it is *provided*, that no Grand Jury shall consist of less than twelve, nor more than fifteen persons; but that nine may find a bill, or make a presentment. Isaac Thurman having been indicted under this Act, and found guilty of a misdemeanor by the trial jury, excepted to its constitutionality. His objection being overruled, he *certioraried* the proceedings of the city to the Superior Court, where the decision of Judge WHITAKER was sustained by Judge BULL, and to reverse this judgment, this writ of error is prosecuted.

The position taken by counsel for the accused is, that the Act of the Legislature in allowing an indictment to be found by nine instead of twelve Grand Jurors, violates the 5th sec. of the 4th Article of the State Constitution, which declares, that trial by jury as heretofore used in this State, shall remain inviolate.—*Cobb* 1125. And he seeks to establish his proposition by showing, that both at common law, and all the previous Constitutions and Judiciary Acts in this State, from 1777 to 1798, twelve men were necessary to find an indictment; and that consequently, that clause of the State Constitu-

tion, which has been cited would be infringed, were an indictment allowed to be found by a less number than twelve.

Concede all that the counsel contends for in this case, whose researches are so creditable to his industry, still there is another view of this question, which relieves it entirely from the Constitutional difficulty.

By the 1st section of the 3d Article of the Constitution, the Superior Courts have exclusive jurisdiction in all criminal cases, as relates to free white persons, except for minor offences, which do not subject the offender to the loss of life, limb or member, or to confinement in the Penitentiary. In all such cases, Corporation Courts such as now exist, or which may hereafter be constituted in any incorporated city, being a seaport town and port of entry, may be vested with jurisdiction to try such minor offences, under such rules and regulations as the Legislature may hereafter by law direct.— *Cobb* 1121. And by a subsequent amendment of the Constitution, the foregoing words "being a seaport town and port of entry," are stricken out.—*Pamphlet* 1853, 1854—so that the jurisdiction over minor offences is given to all incorporated towns, under such rules and regulations as the Legislature may direct.

In the case before us, the Legislature in the legitimate exercise of the powers thus specifically conferred, have provided that for misdemeanors like the one which brought up this case, committed in the city of Atlanta, the same being an incorporated town, nine persons might present or find a bill of indictment. It was competent for the General Assembly, in the establishment of this Criminal Court, under the amended Constitution, to have dispensed with this preliminary investigation altogether, and put the party at once upon his trial. Perhaps, they may have dispensed with a jury altogether, why not? *A fortiori* was it competent for them to have passed this Act, diminishing the number of grand jurors necessary to find a true bill.

Judgment affirmed.