Tom. Bird, plaintiff in error, *vs*. The State of Georgia, defendant in error.

1. There was no error in the refusal of the continuance.
2. Where there was a special plea that the grand jury, who, at a previous term of the court found the indictment, were not sworn, and it appeared from the minutes "that the grand jury retired to their room, selected William H. Hughes as their foreman, returned into court and were duly impanneled, to-wit:" giving the names of the jurors:
*Held*, that it was competent for the court to determine such an issue from an inspection of the minutes, and it was not error to hold that from the record it appeared the jury were duly sworn.
3. Where a special plea was filed to an indictment, that one of the grand jurors was an incompetent juror, and an issue was made thereon and tried before a jury, and verdict rendered against the plea, and the defendant, without moving to set aside the verdict, entered the plea of not guilty:
*Held*, that after a conviction it was too late to attack the verdict of the jury rendered on the special plea, on the ground that it was contrary to the evidence.
4. If incompetent evidence was admitted on the trial of such special plea without objection, and the court charged the jury thereon, the admission of such testimony cannot be made a ground of error.
5. Where a defendant in an indictment pleaded in bar, that a previous indictment had been pending against him for the same offense of which he was then charged, which had no fatal defects, and that it had been *nol. prossed* by order of the court, against his consent:
*Held*, that there was no error in overruling the plea.

Criminal law.    Continuance.    Jury.    Practice in the Superior Court.    Evidence.    Before Judge James Johnson. Muscogee Superior Court.    November Term, 1874.

Tom. Bird was placed on trial for the offense of burglary. The defendant moved for a continuance on the ground that he had been confined in jail since October, 1873 ; that he had subpœnaed a witness by the name of Driver Reid, who had theretofore resided in Tuskegee, Alabama, but had recently moved to Wacoochee Valley in the same state; that the witness could not attend court on account of sickness in his family; that he expected to have him present at the next term;

that he expected to establish by him an *alibi,* stating the facts.

This motion was supported by the affidavit of Hamp Bird, the brother of the defendant. Upon cross-examination, he stated that a continuance had been allowed the defendant at the last term, in part, on account of the absence of the same witness; also, that the same facts could be shown by him, (Hamp Bird,) and his wife.

As an additional reason for the continuance, counsel for the defendant stated in his place, that he had just been informed that one Mike Anderson, one of the grand jurors who found the bill under which the defendant was to be tried, was not a citizen of the United States, but was a subject of Great Britain; that he desired to put in a special plea in bar, and to that end, wished time to examine the records and to prepare testimony.

The court overruled the motion because it believed it to have been made for delay, and defendant excepted.

The defendant then pleaded specially in bar, that the grand jurors impanneled at the last term of the court, who preferred the indictment, were not sworn.

Issue being formed upon this plea the court directed the solictor general and the clerk to be sworn. They testified that the grand jurors were qualified in the usual manner. The minutes of that term also showed that "the grand jury retired to their room and selected William H. Hughes as their foreman, returned into court and were duly impanneled, to-wit: John H. Meyer," etc.

The court, without the intervention of a jury, ordered the plea to be stricken, and the defendant excepted.

The defendant then pleaded that Mike Anderson, one of the grand jurors who preferred the indictment, was not a citizen of the United States, but was a subject of Great Britain.

Upon issue being formed on this plea, the court ordered it to be submitted to a jury. Evidence was introduced, the jury charged, and a verdict returned against the plea. Various exceptions were taken to the rulings made on this collateral

trial, but they are immaterial here as this court, in view of the further history of the case, refused to pass on them.

The defendant pleaded further that at the November term, 1873, a true bill was found against him for the same offense as that with which he is now charged; that he was convicted thereon, but upon writ of error to the supreme court, (see 50 *Georgia Reports*, 585,) the judgment was reversed. That at the May term, 1874, when the judgment of the supreme court was made the judgment of the superior court, the said bill of indictment, upon motion of the solicitor general, was *nol. prossed*, the defendant objecting thereto, there being no fatal defect therein. That the defendant thereupon demanded his release, which was refused by the court. That at the same term, the grand jury found the true bill now being prosecuted, charging him with the same offense as that for which he was tried at the November term, 1873; wherefore he prays that he may be discharged and go hence without a day.

Upon demurrer this plea was stricken, and the defendant excepted.

The plea of not guilty was then filed. The jury found to the contrary.

Error is assigned upon each of the above grounds of exception.

. G. E. THOMAS; REESE CRAWFORD, for plaintiff in error.

W. A. LITTLE, solicitor general, for the state.

TRIPPE, Judge.

1. It is sufficient to say upon the first point that the court did not abuse its discretion in refusing the continuance.

2. The minutes of the court showed that the grand jury who found the bill at a previous term "retired to their room, selected William H. Hughes as their foreman, returned into court and were *duly impanneled,* to-wit:" and then the names of the jurors were set forth in full on the minutes. The issue made by the plea on this point could be determined by the minutes, and there was no error in the judgment that it ap-

peared from the record the jury were duly sworn. The entry on the minutes could mean nothing else.

3. There was an issue upon the special plea setting up the incompetency of one of the grand jurors. That issue was tried before a jury selected' for that purpose. No motion was made to set aside that verdict. A plea of not guilty was filed, and after a verdict of guilty was rendered against the defendant, a motion was made to set the latter verdict aside and grant a new trial, on the ground that the one rendered on the special plea was contrary to the evidence. There should have been a motion to set aside the first verdict. If the defendant submitted to it without excepting, he could not take the chances of acquittal and failing in that, claim that the conviction was bad, because another jury had found wrong on another issue. If he had a good ground to set the first verdict aside, the court would have sustained it and the trouble and delay of the traverse trial would have been avoided. Suppose the defendant, after the return of the first verdict, had ascertained that one of the jury trying that issue was an incompetent juror, or discovered any other fact that would have vitiated the verdict. Could he, without moving for such cause, have gone into the trial last had, and then set up that it should go for naught, for reasons which he knew at the time would enable him to avoid a verdict of guilty? If the facts were discovered too late for him to have availed himself of them in time, the question would be different. But here, the reasons given in the final motion, if good, existed, and were as well known before the trial of the final issue as afterwards.

4. It is always too late after verdict on the trial of any issue to raise, as a ground to set it aside, that incompetent testimony was admitted, unless objection was made to it at the proper time, either when it was offered, or at least before a verdict was rendered. This rule might also be modified if the party was not aware of the facts on which the objection to the evidence rests, and was not guilty of *laches* in the matter. This is not pretended in this case.

5. At the same term of the court at which this bill was

found, the solicitor general, by authority of the court, entered a *nolle prosequi* upon another indictment against the defendant for the same offense. This was done at the May term, 1874— six months before the trial. The defendant objected to the *nolle prosequi*, and at the time it was entered demanded his release. He pleaded at the trial those facts, and that the bill which was *nolle prosequied* had no fatal defects, and prayed that he might be discharged and go without a day. The court, on motion, struck the plea. Section 4649 of the Code is: "No *nolle prosequi* shall be allowed, except it be in open court, for some fatal defect in the bill of indictment, to be judged of by the court, in which case the presiding judge shall order another bill of indictment to be forthwith submitted to the grand jury," etc., etc. This *nolle prosequi* was ordered at May term, 1874. The defendant objected because there were no fatal defects. The judgment of the court was rendered at that term on all the questions. No exceptions were filed, and the presumption of law is, that the judgment of the court was right. If the defendant desired to avail himself of his rights under this statement of facts, he should have put himself in a position to do so. He could not wait until the next term when put upon his trial, and then ask for a review of the former judgment of the court upon the same point he raised by his plea, to-wit: whether there were any fatal defects in the former indictment which would have authorized the *nolle prosequi*. We do not mean to concede by this that an erroneous judgment of the court in allowing a *nolle prosequi*, as this was done, would entitle a defendant to a discharge, as he might be if it was allowed after the case was submitted to a jury. Was not the intent and meaning of the enactments on these two matters different? We do not think the rule would be as strict in such a case as this as under the other provision of the law which forbids any entry of a *nolle prosequi* on a bill of indictment after the case has been submitted to the jury, except by the consent of the defendant. There was no error in the judgment overruling the plea.

Judgment affirmed.