KNEELAND *et al. vs.* THE STATE OF GEORGIA.

| 62 | 395 |
| 92 | 453 |
| 62 | 395 |
| 113 | 699 |
| 62 | 395 |
| f114 | 175 |
| o114 | 530 |

1. When defendant put in a special plea of misnomer, and that issue being found against him by a jury selected for that purpose, then pleaded not guilty without any motion in regard to the trial on the special plea, and was found guilty on the plea of not guilty before another jury:

*Held,* that it is not competent to incorporate in the motion to set aside the latter verdict and grant 'a new trial thereon, exceptions which apply to the trial of the special plea.

2. Where defendant demanded jury trial under the acts creating and regulating proceedings in the city court of Atlanta, passed prior to the constitution of 1877, and a jury under those acts was given him, and he went to trial, without objection, before them—being a jury of five men stricken from a panel of twelve, under the laws of that court so made before the constitution of 1877:

*Held,* that on a motion for a new trial on the ground that the said con-

stitution of 1877, by the 18th section of the 6th article thereof, pro-
hibits a jury of less than twelve in the city courts of this state, the
defendant will not be heard to make objection to a jury so demanded
by himself, especially after trial and verdict—said provision of the
constitution not being intended to operate upon the then existing
machinery of the city courts until some other machinery be pro-
vided by law.

3. Inasmuch as the Code, section 4545, which renders competent and
compellable to testify against others on trial, persons participating
in the gambling offenses therein mentioned, expressly provides that
"nothing then said by such witness shall at any time be received or
given in evidence against him in any prosecution against the said wit-
ness except on an indictment for perjury," therefore, no witness so
testifying truthfully can criminate or tend to criminate himself,
and the said section of the Code is not annulled by the 6th paragraph
of the 1st article of the constitution of 1877.

4. The cases of *Bronk vs. The State* and *Cody vs. The State,* are controlled
by the principles decided in the second and third head-notes in the
case of *Kneeland vs. The State.*

Criminal law. Practice in the Superior Court. City
Courts. Constitutional law. Witness. Evidence. Before
Judge CLARK. City Court of Atlanta. June Term, 1878.

Kneeland, Cody and Bronk were respectively tried for
keeping a faro table. They demanded jury trials. The
usual jury in the city court was empaneled, viz: twelve
jurors, from whom the state and defendant struck until five
were left as a traverse jury. Each of them was found guilty,
moved for a new trial, and on its refusal each excepted.
The cases were argued together in the supreme court. For
the other facts see the opinion.

HOPKINS & GLENN, for plaintiffs in error, cited (on jury)
const. 1877, art. 6, par. 1, sec. 18. On evidence, const. 1877,
art. 1, par. 6, sec. 1; 40 *Ga.,* 688; 54 *Ib.,* 156; 1 Gr. Ev.,
451 and notes; 4 Wend., 229; 8 *Ib.,* 595; 11 Iowa, 469; 1
Caldw., (Tenn.) 146; 2 Metc., (Ky.) 387; 6 Gratt., (Va.)
481.

HOWARD VAN EPPS, solicitor city court, for the state,
cited (on evidence) Code, §§5224, 3854, 3814; const. 1877,

art. 1, sec. 1, par. 6; Code, §4545; 14 *Ga.*, 255. On the jury, 5 *Ga.*, 205; 19 *Ib.*, 629; 51 *Ib.*, 264; Code, §5124; Cobb's Dig., 1121; const. 1877, art. 6, sec. 4, par. 1; 25 *Ga.*, 222.

JACKSON, Justice.

These three cases were argued together before us, the same questions substantially being made in each of them.

1. One of the defendants filed a plea of misnomer in abatement, the issue was found against him, then he pleaded not guilty, he was found guilty, thereupon he made a motion for a new trial and to set aside the verdict of guilty, which was found by a jury other than the jury which passed upon the special plea, and in the motion to set aside this latter verdict and to grant a new trial on that issue, he incorporated exceptions in regard to the trial of the special plea.

It is too late for him to except to those proceedings, and his objections thereto will not be considered after pleading not guilty, and trial and verdict of guilty. *Bird vs. The State*, 53 *Ga.*, 602.

2. The act in regard to practice in the city court of Atlanta, does not require a trial by jury; but if a defendant wants a jury, it is his privilege to demand it. In this case he did demand a jury, and the act provided only for a jury of five men, to be stricken from a jury of twelve. This act was passed prior to the constitution of 1877, which by the 18th section of the 3d article thereof, prohibits a jury of less than twelve men. After trial before the jury of five and conviction, the defendants moved for a new trial on the ground that they were not tried by twelve men—the trial being had subsequently to the constitution of 1877 going into effect by ratification thereof by the people. No law had been passed by the general assembly to carry the constitution into effect by any practical machinery providing for a jury of twelve men; so that when the defendants demanded

jury trial, they will be understood to have demanded that sort of trial by jury, which, and which only, the court could give them, and when they had their rights passed upon by such a jury of their own seeking and choosing, and the issue was found against them, it would be to allow them to speculate upon the chances of a trial they themselves sought, if they were then permitted to object to the jury which they themselves had demanded should try them, and which did try them by their free choice.   We do not indeed think that the constitution of 1877 was intended to upset and annul the law of practice in the city courts until some other law was passed to take its place. If so, the framers intended to suspend all trials by jury therein until the general assembly should meet and enact another law; and as the first meeting of the general assembly was by the constitution itself fixed for November, 1878, they would have intended to stop criminal trial in the city courts for some fifteen to eighteen months.   No sane man believes that such was the object had in view.   The true intent and spirit thereof was that the general assembly should provide for juries of twelve men, and until that was done the old machinery should work on.

However that may be, these defendants demanded trial by these five men; they got the sort of trial they asked for; and they will not be heard, after conviction, to complain of what they not only acquiesced in, but insisted upon as a legal right.   See 5 *Ga.*, 205; 19 *Ga.*, 623; 51 *Ga.*, 264.   Code, §5124.   Cobb's Digest, p. 1121; art. 6, sec. 4, par. 1, constitution of 1877, and 25 *Ga.*, 222, cited by counsel for defendant in error.

3. It was objected further that the court erred in compelling other gamblers to testify, over their objection, because it tended to criminate them; and the constitution of 1877 was again invoked:   Art. 1, sec. 1, par. 6, which reads that "no person shall be compelled to give testimony tending in any manner to criminate himself."   Article 5, of the amendments to the constitution of the United States, is not

quite as strong in words, but is to the same effect. It reads that "no person shall be compelled in any criminal case to be a witness against himself." The answer to both is very simple and that is, that it does not and cannot tend to criminate the witness in case of the gambler swearing, because the statute expressly enacts that his evidence shall never be used against him. Section 4545 of the Code of Georgia, expressly enacts that " on the trial of any person for offend-ing under sections 4538, 4540, 4541, 4542 and 4544, of this division, (offenses against gambling) any other person who may have played and betted at the same time or table, shall be a competent witness, and be compelled to give evidence ; and nothing then said by such witness shall at any time be received or given in evidence against him in any prosecution against the said witness except on an indictment for perjury, in any matter to which he may have testified " It is difficult then to see how that which can never be used against him can tend in the slightest degree to criminate the witness. Therefore the court was right to compel him to testify. See 14 *Ga.*, 255 ; Code §§3814, 3854, cited by counsel for defendant in error.

On the whole case, there appears from the evidence to be no doubt of the guilt of these defendants, and after a fair trial they have been found guilty by a jury of their own choice ; that verdict should therefore stand, and the city court was right in overruling the motion to set it aside and grant a new trial. The judgment is therefore affirmed.

Judgment affirmed.