## DOWNING *vs.* THE STATE OF GEORGIA.

1. Though the accused has introduced no evidence prior to making his statement, and none afterwards except in reply to an attack on his statement which the state made by its witnesses, he is not entitled to the conclusion in the argument. By introducing any testimony at all, he surrenders the conclusion.

2. A jury of five in the city court of Atlanta is authorized by statute, and not prohibited by the constitution. Local statutes, prior to the constitution, not inconsistent with its provisions, are continued in

force. The acts of December 16th and 17th, 1878, are not applicable to the city court of Atlanta.

3. If counsel representing the defendant in a criminal case desire special instructions in reference to the statement of the prisoner, in addition to the general charge as to the effect to be given it, they should make proper requests therefor.

4, 5, 6. The verdict is not contrary to law or the evidence.

7. Experts in kerosene oil are competent witnesses concerning the tests thereof although not inspectors authorized by statute.

Criminal law. Practice in the Superior Court. Jury. Constitutional law. Charge of Court. Before Judge CLARK. City Court of Atlanta. June Term, 1880.

To the report contained in the decision it is only necessary to add, that the court allowed Schumann and Rauschenberg to testify, over defendant's objection, as to testing oil bought of him, and the result.

GEO. T. FRY; MARSHALL J. CLARKE, for plaintiff, in error.

W. D. ELLIS, solicitor of city court; J. T. PENDLETON; ARNOLD & ARNOLD, for the state.

CRAWFORD, Justice.

The plaintiff in error was accused and tried in the city court of Atlanta, for selling and offering for sale, kerosene oil of a fire-test less than 110 degrees Fahrenheit—and also for selling and keeping for sale, and in storage, kerosene oil, without having the same inspected and approved by an authorized inspector. He pleaded not guilty. The issue was found against him. He moved for a new trial which the court refused, and he assigns the said refusal as error.

The grounds of the motion were in substance:

(1.) Because the court refused to allow defendant's counsel to open and conclude the argument to the jury.

(2.) Because the court required prisoner to strike from

a jury of twelve men, alternately with the state, until only five jurors remained, and then to go to trial before them, notwithstanding prisoner demanded a jury of twelve men as provided by the constitution.

(3.) Because prisoner insisted that if he acted under a mistake in having the kerosene oil up to the statutory standard, after having been directed by the inspector of fertilizers for Fulton county how the same might be done, and following the directions the standard was reached, as he honestly believed, and yet, the court failed to give any instructions whatever as to the legal effect of that defense.

(4.) (5.) (6.) Because the verdict is contrary to law, contrary to evidence, and contrary to law and evidence.

(7.) Because the witnesses, Schumann and Rauschenberg, were permitted to testify, over prisoner's objection, on the ground that neither of them was an authorized inspector for Fulton county.

1. The first ground of the motion for a new trial alleges error, because the court refused to allow prisoner's counsel to open and conclude the argument. The facts were, that after the state had closed, the prisoner made his statement, the state offered testimony by way of rebuttal, the defendant then, in rejoinder, and when both had closed, the opening and conclusion was given to the state. This was a correct ruling. Whenever the defendant went beyond his statement to introduce testimony, although only to support it, he lost the right to open and conclude the argument.

2. This ground of error was based on the defendant's right to a jury of twelve men to try him, as he claims was provided by the constitution of 1877.

In that instrument, as in all others made before it in this state, the right of trial by jury is made inviolate; and it is also provided, that the general assembly may prescribe *any number*, not less than five, to constitute a traverse jury in courts other than the superior or city

courts.　It is also further provided, that all laws then of force and not inconsistent with the constitution, should remain of force until modified or repealed by the general assembly.　It is not denied but that *the number* of jurors in the court below, before and at the date of the adoption of the constitution was but five; but it is contended that that number is now inconsistent with the constitution. This question was somewhat considered in the case of *Kneeland vs. The State, 62 Ga., 395,* and it was there laid down as the judgment of the court, that that provision in the constitution was not intended to operate upon the then existing system of the city courts until some other was provided by law.　It is maintained, however, that by the acts of the general assembly passed, December 16th, and December 17th, 1878, a panel of twelve men was provided for, and which it was error in the judge below to deny them.

The act of December 16th, 1878, was to regulate the striking of juries in the superior courts, that is to say, where any one or more of the traverse jurors were absent or disqualified, the counsel for either party might, upon request, have the panel filled before he commenced to strike.

The act of December 17th, 1878, was to carry into effect paragraph 2, section 18, article 6, of the constitution, so as to provide for the selection of grand and traverse jurors as required by the same; and for the drawing of the juries in all the city courts, whose judges are commissioned by the governor, and whose civil jurisdiction does not extend beyond the limits of the city where such court is held.

The civil jurisdiction of the city court of Atlanta being co-extensive with the limits of the county, does not fall within the provisions of the act of December 17th, 1878, and the same are not therefore applicable.

3. The real cause of complaint in this ground consists in the fact that the prisoner's statement set up an excuse

for his acts, and insisted upon the same as a legal defense to the indictment. The court charged the jury upon the principles of law governing the case under the facts as presented by the testimony, and then gave them the law as to their right to consider the statement. To which no objection is made, but it is urged that it is a proper subject for a charge, and that the court should have proceeded to explain and inform the jury as to its legal effect if true.

We hold that under the law, as the jury may believe it in preference to the sworn testimony, if it constitute a legal defense to the accusation against the defendant, and the judge should fail or omit to charge thereon, that then the counsel, by proper requests, would be entitled to the same.

But to sit by and make no requests; to hear the charge to its conclusion and fail to ask for any further instruction, they must be held to have been satisfied with the charge as given. 28 Ga., 200–216.

4, 5, 6. We do not see that this verdict is contrary to law—contrary to evidence, or contrary to law and evidence.

7. Objection was made to the admissibility of the testimony of witnesses Schumann and Rauschenberg, because they were not authorized inspectors for Fulton county.

The investigation in this case was as to a fact, and because the witnesses were not inspectors for the county, we do not see why that should have rendered them incompetent, especially as they were experts in the very subject matter of the inquiry.

Judgment affirmed.