## MONFORD *v.* THE STATE.

A writ of error does not lie to the Supreme Court from a " city court," when the act for the establishment of the same, approved Nov. 22, 1900, does not provide for jury trials by a full panel of twelve jurors.

Submitted October 23, 1901. — Decided February 4, 1902.

Motion to dismiss the writ of error.

*J. R. Williams,* for plaintiff in error.
*F. A. Hooper, solicitor-general,* contra.

FISH, J.    C. C. Monford was tried and found guilty by a jury, in the city court of Americus, of violating the general local option liquor law.    He made a motion for a new trial, which being overruled, he sued out a bill of exceptions and brought the case to this court.    Upon the call of the case here the defendant in error moved to dismiss the writ of error, upon the ground that the Supreme Court has no jurisdiction to entertain such writ from the city court of Americus, for the reason that the act creating such city court provides that only six jurors shall constitute a trial jury therein, whereas the constitution requires that there shall be a trial jury of twelve jurors in the city courts authorized to grant new trials and from which writs of error lie to the Supreme Court.    In our opinion this motion should be sustained.    The only city courts from which writs of error lie to the Supreme Court are the city courts of Atlanta and Savannah, and such other like courts as have been established in other cities since the ratification of the present constitution (Constitution, art. 6, sec. 4, par. 5); and no other "city courts" are authorized to grant new trials.    Constitution, art. 6, sec. 4, par. 6; *Stewart* v. *State*, 98 *Ga.* 202.    The constitution requires that there shall be a trial or traverse jury in the city courts, consisting of twelve jurors.    This is the clear meaning of paragraph 1 of section 18 of article 6.    It reads as follows: "The right of trial by jury, except where it is otherwise provided in this constitution, shall remain inviolate, but the General Assembly may prescribe any number, not less than five, to constitute a trial or traverse jury in courts other than the superior or city courts."    By the phrase, "trial by jury," undoubtedly reference was had to a jury of twelve, and there could not, under this paragraph, be a less number in city courts.    And the "city courts" here indicated are such alone as have power to grant new trials and from which writs of error lie to this court. See *Wells* v. *Newton*, 101 *Ga.* 141.    It follows, therefore, that a city court which, under the act creating it, is provided with a trial jury composed of less than twelve jurors is not the kind of city court which, under the constitution, can grant new trials and from which writs of error lie to the Supreme Court.    The act establishing the city court of Americus (Acts 1900, p. 93), provides for a trial jury of only six jurors, and consequently no writ of error lies from that court to this court.    As a necessary result, the present writ of error must be dismissed.

The rulings in *Kneeland* v. *State*, 62 *Ga.* 395, and *Downing* v. *State*, 66 *Ga.* 110 and 160, are, upon a review thereof, overruled, in so far as they are in conflict with the decision now rendered. In the *Kneeland* case it was laid down, that the constitutional provision prohibiting a jury of less than twelve in the city courts of this State was not "intended to operate upon the then existing machinery of the city courts until some other machinery be provided by law." In this connection, Mr. Justice Jackson said: "We do not indeed think that the constitution of 1877 was intended to upset and annul the law of practice in the city courts until some other law was passed to take its place." "The true intent and spirit thereof was that the General Assembly should provide for juries of twelve men, and until that was done the old machinery should work on." See page 398. The language quoted necessarily embraces an admission that the "machinery" of the court provided for by the act creating the city court of Atlanta was inconsistent with the constitutional requirement with respect to juries in city courts, in that it contemplated trials by juries composed of less than twelve. This being so, how could the system of trying cases by juries of five members be constitutional for a single day? If it was to become unconstitutional as soon as "the General Assembly should provide for juries of twelve men," what prevented its being so immediately upon the ratification of the constitution? In other words, how could a system in direct conflict with the fundamental law constitutionally "work on" till superseded by another which was constitutional? With all respect to the memory of the eminent jurist, his reasoning is plainly argumentum ab inconvenienti, and, in our judgment, manifestly unsound. Nevertheless, in *Downing's* case, 66 *Ga.* 110, the court held that "A jury of five in the city court of Atlanta is authorized by the statute, and not prohibited by the constitution," and, in this connection, with evident reference to paragraph 4 of section 12 of the constitution, laid down the proposition that "Local statutes, prior to the constitution, not inconsistent with its provisions, are continued in force." The difficulty was that the statute here referred to, viz. that creating the city court of Atlanta, was, as shown above, inconsistent with the fundamental law, in so far as it provided for juries of five. We do not mean to say that the General Assembly could not, after the present constitution took effect, create a court with a trial jury

of five and call it a "city court," but it would not be a city court with the power to grant new trials, nor one whose judgments were directly reviewable by the Supreme Court. In other words, it would not be what is termed a "constitutional city court." This being so, and it being the manifest design of the constitutional convention that the city court of Atlanta should be a court of the class indicated by the words just quoted, because it is expressly named as one of the courts from which a writ of error would lie to the Supreme Court, the mandatory requirement that all such city courts should have trial juries of twelve had the effect of immediately repealing and annulling so much of the previously existing Atlanta city-court act as authorized trials by juries of five; and it is not now essential to inquire whether under any other provision of that act a trial jury of twelve could be lawfully empaneled in that court.

*Writ of error dismissed. All the Justices concurring.*