ASH *et al.,* executors, v. PEOPLES BANK OF OLIVER.

1. Writs of error do not lie from the city court of Springfield to the Court of Appeals of Georgia.
2. Nor has the judge of that court power or authority to hear and determine a motion for a new trial.
3. Upon review of the cases of *Monford* v. *State,* 114 *Ga.* 528 (40 S. E. 798), and *Welborne* v. *State,* 114 *Ga.* 793 (40 S. E. 857), and other decisions to the same effect, the rulings there made are reaffirmed.
No. 1493. JANUARY 16, 1920.
Questions certified by Court of Appeals (Case No. 10044).
*H. B. Strange* and *Travis & Travis,* for plaintiff in error.
*A. B. Lovett,* contra.

BECK, P. J. The Court of Appeals desire instruction from the Supreme Court upon the following questions:

"1. Will a writ of error lie from the city court of Springfield to the Court of Appeals of Georgia?

"2. Is the judge of the city court of Springfield without power or authority to hear and determine a motion for new trial, or to grant a new trial, for the reason that the city court of Springfield is not within the purview of the constitution of Georgia, relating to the grant of new trials?"

The proper answer to the two questions certified depends upon the court's construction of that part of sections 24 and 26 of the act of the legislature approved July 20, 1908 (Acts 1908, p. 211), and entitled, "An act to create the city court of Springfield," etc. The parts of the two sections designated which are here for construction relate to the selection of juries, to the qualification of jurors, the number of jurors constituting a panel, and the strikes allowed the parties, etc. Section 24 in part declares: "The clerk of said city court of Springfield shall write upon separate tickets the names of each juror, and shall number the same and place the same in a box to be prepared for the purpose, from which shall be drawn the names of twelve jurors in the manner as now required by law in the superior courts." And in section 26 it is provided, "That the judge of said city court shall have power to summons instanter tales jurors to complete said panel of twelve, and he shall likewise have power instanter to summons six additional jurors, so as to increase said jurors to eighteen, if necessary to carry on the business of said court expeditiously. Twelve jurors shall constitute a panel in said court; and in all cases in which a demand for a trial by jury has been made as herein mentioned, the selection shall be made as follows: In both civil and criminal cases, if the defendant elects, the entire twelve shall compose the jury; but if the defendant elects for the jury to be composed of but six jurors, then in civil cases the plaintiff and defendant shall have three strikes each, and in criminal cases the defendant shall have four strikes and the State to have two strikes, and the remaining six jurors shall compose the jury." So far as relates to the questions which this court is to answer, the provisions of the act under review are plain and open to but one construction; and that is to the effect that the trial of cases by a jury of twelve is not provided for except at the election of the defendant, and where the defendant does not so elect, neither the State in criminal cases nor a party plaintiff in

civil cases is entitled to twelve jurors. In civil cases, if the defendant so elects, the plaintiff enjoys the privilege of the trial of his case by twelve jurors. It is not necessary to consider whether the number of strikes which would be allowed in order to obtain a jury of twelve affects the character of the jury in the city court, compared to a jury in the superior court; for the denial of trial to a party plaintiff, except in cases where the defendant elects a jury of twelve, by such a jury as he would have in the superior court, determines the questions that we are to decide. These questions have already been adjudicated by this court. In the case of *Monford* v. *State,* 114 *Ga.* 528 (40 S. E. 798), it was said: "The only city courts from which writs of error lie to the Supreme Court are the city courts of Atlanta and Savannah, and such other like courts as have been established in other cities since the ratification of the present constitution (Constitution, art. 6, sec. 4, par. 5); and no other 'city courts' are authorized to grant new trials. Constitution, art. 6, sec. 4, par. 6; *Stewart* v. *State,* 98 *Ga.* 202 [25 S. E. 424]. The constitution requires that there shall be a trial or traverse jury in the city courts, consisting of twelve jurors. This is the clear meaning of paragraph 1 of section 18 of article 6. It reads as follows: 'The right of trial by jury, except where it is otherwise provided in this constitution, shall remain inviolate, but the General Assembly may prescribe any number, not less than five, to constitute a trial or traverse jury in courts other than the superior or city courts.' By the phrase, 'trial by jury,' undoubtedly reference was had to a jury of twelve, and there could not, under this paragraph, be a less number in city courts. And the 'city courts' here indicated are such alone as have power to grant new trials and from which writs of error lie to this court. See *Wells* v. *Newton,* 101 *Ga.* 141 (28 S. E. 640). It follows, therefore, that a city court which, under the act creating it, is provided with a trial jury composed of less than twelve jurors is not the kind of city court which, under the constitution, can grant new trials and from which writs of error could lie to the Supreme Court." The court there overruled the decisions in the cases of *Kneeland* v. *State,* 62 *Ga.* 395, and *Downing* v. *State,* 66 *Ga.* 110, 160, in so far as they were inconsistent with that decision.

In the case of *Welborne* v. *State,* 114 *Ga.* 793 (40 S. E. 857), it was said by Mr. Justice Cobb, delivering the opinion of the

court: "If an act creating a court at any other place than Atlanta and Savannah provides that a jury of less than twelve *shall* try any case, the court is not a constitutional city court. *Monford* v. *State,* ante, 528. If an act creates a court at any other place than a county-site, or at a county-site which has not been expressly incorporated as a city, the court thus created is not a constitutional city court. *Collier* v. *Means,* [113 *Ga.* 681, 39 S. E. 418] ; *S., F. & W. Ry Co.* v. *Jordan,* [113 *Ga.* 687, 39 S. E. 511]. If an act creates a court which provides for a jury of twelve in all cases, or for such a jury upon demand in every case, and the court is located in a city which is the county-site, and has jurisdiction, territorial and otherwise, of the character above indicated, such a court is undoubtedly a constitutional city court." Upon review of the *Monford* and *Welborne* cases, and of other cases holding to the same effect, the rulings there made and here relied upon are reaffirmed.

The language in the amendment to the constitution fixing the jurisdiction of the Court of Appeals, and declaring that that court shall have jurisdiction over "errors of law from the superior courts and from the city courts of Atlanta and Savannah, and such other like courts as have been or may hereafter be established in other cities, in all cases in which such jurisdiction has not been conferred by the constitution upon the Supreme Court," etc., is relied upon by the plaintiffs in error to show jurisdiction, and especially the general language giving jurisdiction "in all cases in which such jurisdiction has not been conferred upon the Supreme Court." But clearly it is not the intention of this general language last quoted to confer jurisdiction in cases which could not be brought by writ of error to the Supreme Court before the creation of the Court of Appeals. -                 *All the Justices concur.*