18846. BARNES *v.* THE STATE.

HAWKINS, Justice. William Barnes was tried and convicted in the City Court of Floyd County of an offense. He filed his motion for a new trial, which was subsequently amended, and upon the hearing the trial court dismissed it for the reason that the City Court of Floyd County is not a constitutional city court, and has no jurisdiction of motions for a new trial, holding that certiorari is the proper remedy for review. Exception is taken to that judgment, and the sole question for determination by this court is whether or not the City Court of Floyd County may grant motions for a new trial in cases arising since the amendatory act of 1952 (Ga. L. 1952, p. 2747), which reduced the number of jurors comprising a jury in that court from twelve to five. *Held*:

1. This court has uniformly held that only "constitutional city courts" can grant motions for a new trial (Code, Ann., §§ 70-101; 2-3906; *Home Insurance Co.* v. *Willis*, 179 *Ga.* 509, 176 S. E. 371); and that "constitutional city courts" are only those like the City Courts of Atlanta and Savannah as they existed on August 19, 1916, which then provided for trial by a jury of twelve jurors. Code (Ann.) §§ 2-3704, 2-3708; *Monford* v. *State*, 114 *Ga.* 528 (40 S. E. 798); *Welborne* v. *State*, 114 *Ga.* 793 (40 S. E. 857); *Ash* v. *Peoples Bank of Oliver*, 149 *Ga.* 713 (101 S. E. 912); *Cone* v. *American Surety Co.*, 154 *Ga.* 841 (115 S. E. 481).

2. What may have been the intention of the framers of the Constitution of 1945 in omitting from the end of article 6, section 16, paragraph 1 thereof (Code, Ann., § 2-5101), which deals with the right of trial by jury and the number of jurors to constitute a trial or traverse jury, the words "and city courts" as they appeared in the corresponding section of the Constitution of 1877 (Code § 2-4501), is not disclosed by the Records of the Constitutional Commission of 1943-44, the only reference thereto being found on page 592 of Volume I, which is to the effect that these words were being omitted; but it cannot be held by this court that the mere omission of these words from this section of the Constitution was intended to change the other constitutional provisions above cited as to the character of the courts vested with jurisdiction to grant motions for a new trial, and the numerous previous decisions of this court defining what are "constitutional city courts." It is much more reasonable to assume that, by the elimination of these words, the framers of the Constitution of 1945 merely intended to recognize that trial by a jury composed of less than twelve jurors was permissible in statutory city courts.

3. The act of 1952 (Ga. L. 1952, p. 2747), reducing the number of jurors to constitute a trial or traverse jury from twelve to five in the City Court

470

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 14, 1955—DECIDED MARCH 15, 1955.

*R. L. Scoggin, Maddox & Maddox,* for plaintiff in error.
*Chastine Parker, Solicitor-General, Horace T. Clary,* contra.