## 43315. BARLOW et al. v. STORY.

DEEN, Judge. 1. Where not the construction of the Constitution, but only the application of unquestioned and unambiguous provisions thereof is involved, this court should decide the question. *Suttles v. Hill Crest Cemetery, Inc.*, 209 Ga. 160 (71 SE2d 217). And in the event of a conflict between constitutional and statutory provisions, the former must prevail. *Wallis v. McMurray*, 91 Ga. App. 549 (3) (86 SE2d 529). Constitutional provisions as interpreted by the Supreme Court are of course binding on this court. *Gormley v. Walton*, 47 Ga. App. 466 (170 SE 706).

2. Under constitutional provisions (*Code Ann.* § 2-3708), the jurisdiction of the Court of Appeals over appeals from "the superior courts, and from the city courts of Atlanta and Savannah, . . . and such other like courts as have been or may hereafter be established in other cities . . . and in such other cases as may hereafter be prescribed by law" does not extend to direct appeals from courts which are not "like courts"

to the constitutional city courts mentioned. *Baggett Transportation Co. v. Barnes,* 108 Ga. App. 68 (132 SE2d 229).

3. " 'If an Act creating a court at any other place than Atlanta and Savannah provides that a jury of less than 12 *shall* try the case, the court is not a constitutional city court. *Monford v. State,* [114 Ga. 528 (40 SE 798)]. If an act creates a court at any other place than a county site or at a county site which has not been expressly incorporated as a city, the court thus created is not a constitutional city court. *Collier v. Means,* 113 Ga. 681 (39 SE 418) ; *S. F. & W. Ry. Co. v. Jordan,* 113 Ga. 687 (39 SE 511). [*Welborne v. State,* 114 Ga. 793 (40 SE 857) ]'. . . Upon review of the *Monford* and *Welborne* cases, and of other cases holding to the same effect, the rulings there made and here relied upon are reaffirmed." *Ash v. Peoples Bank of Oliver,* 149 Ga. 713, 716 (101 SE 912). This court takes judicial notice that the court from which this appeal is filed, the former City Court of Warner Robins, the name of which was by Ga. L. 1967, p. 2564, changed to the State Court of Houston County, is located in Warner Robins, which is not a county site. *Bowman v. Davis,* 51 Ga. App. 478 (180 SE 917). It follows that the State Court of Houston County is not a "like court" to a constitutional city court, and that the Court of Appeals, under the constitutional limitations on its jurisdiction, has no right to entertain the appeal.

*Appeal dismissed. Jordan, P. J., and Pannell, J., concur.*

ARGUED JANUARY 9, 1968—DECIDED FEBRUARY 9, 1968— REHEARING DENIED FEBRUARY 23, 1968—CERT. ■

*Jones, McKenney & James, Neal D. McKenney,* for appellants. *Miller, Miller & Miller, Wallace Miller, Jr., James H. Harmon,* for appellee.