1759.   DAVIS *v.* CITY OF FITZGERALD.

It was not error to dismiss the certiorari. The plea in abatement was properly overruled. It is manifest from the context that the word "furnishing," employed in section 64 of the act incorporating Fitzgerald (Acts 1907, p. 635) was inserted by a mere clerical mistake, instead of the word "punishing."

Certiorari, from Ben Hill superior court—Judge Whipple. January 30, 1909.

Submitted March 30,—Decided July 31, 1909.

*Eason & Bull,* for plaintiff in error. *E. Wall,* contra.

RUSSELL, J. The plaintiff in error was tried in the mayor's court of Fitzgerald for the violation of an ordinance forbidding the keeping on hand of intoxicating liquors for sale. He filed a plea in abatement, setting up that the city had no authority to pass the ordinance in question, for the reason that the section of the act incorporating the City of Fitzgerald does not authorize the mayor and council to penalize the keeping of intoxicating liquor on hand for illegal sale, but, on the contrary, authorizes the municipality to provide an ordinance for *furnishing* such liquors. The original act of the General Assembly, as enrolled and kept of file in the office of the secretary of State, of course controls, where there is doubt as to the word used by the legislature; but our examination of the enrolled act shows that, strangely enough, the same error obtains in the act as enrolled as is manifest in the charter as printed (Acts 1907, sec. 64, p. 635). The plea in abatement, however, is without merit, because the point could not properly be raised thereby, and the mayor properly overruled it. A plea in abatement can not be used to attack the validity of a law under which a defendant is being tried, and serve the office of a demurrer.

Furthermore, the mayor was right in overruling the plea in abatement because, even if the ordinance could not rest on section 64, and even if, prior to the passage of the prohibition act of 1907 (Acts 1907, p. 81), the council could have provided for the furnishing of

liquors, the broad provisions of the general welfare clause of the charter of the City of Fitzgerald are ample to authorize the passage of the ordinance, under the terms of which the plaintiff in error was tried; and the passage of the prohibition law withdrew the power to pass ordinances providing for furnishing intoxicating liquors, and annulled any such ordinances. So much merely in reply to the ingenious argument of counsel. It is plain to our mind that the word "furnishing" in the charter is a mere clerical mistake, and that the legislature intended to provide, in section 64, for punishing, instead of furnishing. The context makes this so plain that the municipal judge properly so construed it. *Central Ry. Co.* v. *Mote*, 131 *Ga.* 178 (62 S. E. 164). The judge of the superior court properly dismissed the certiorari, upon the ground that the evidence authorized the conviction of the defendant of the violation of a valid ordinance.                    *Judgment affirmed.*