## HARPER et al. v. CITY OF NASHVILLE et al.

1. A cemetery is not per se a nuisance; and a judgment by the court refusing an injunction, sought to restrain the location by a municipal corporation of a cemetery in a particular locality, will not be disturbed where the evidence is conflicting upon the question as to whether or not the location of a cemetery in that particular locality will endanger the health of the residents upon the lands contiguous to the cemetery because of the contamination of water and atmosphere which it is alleged would ensue from the establishment of a cemetery in the locality referred to.

2. Where certain persons sought to intervene and become parties to an equitable proceeding instituted to obtain an injunction, and the court upon interlocutory hearing refused the injunction, and the plaintiff in the original petition sued out a bill of exceptions, to which he and the defendants were the only parties, an exception in such bill of exceptions, by those who sought to intervene, to an order of the court refusing to allow the intervention, raises no question for decision, as it was not competent for the intervenors to assign error upon any ruling of the court in a bill of exceptions to which they were not parties.

3. Under the ruling in the case of *Atlantic Coast Line Railroad Co.* v. *State*, 135 *Ga.* 545 (69 S. E. 725), the court did not err in excluding evidence offered to show that the proper notice had not been published of the intention to ask local legislation.

4. Questions raised by exceptions to the rulings of the trial court which are not urged or referred to in the brief of counsel for plaintiff in error will be treated as abandoned.

APRIL 12, 1911.

Petition for injunction. Before Judge Merrill. Berrien superior court. November 19, 1910.

*W. G. Harrison* and *J. P. Knight,* for plaintiffs.

*J. A. Alexander* and *C. A. Christian,* for defendants.

BECK, J. Miss Mary Jane Harper brought her equitable petition against the City of Nashville and certain municipal officers, seeking to have the defendants enjoined from establishing and locating a cemetery upon a lot of land contiguous to the lands of petitioner upon which she resides. It is alleged in the petition, that the site of the proposed cemetery lies in very close proximity to the residence of petitioner; that if the injunction is not granted, the location of the cemetery and its use as a place for the burial of the dead will greatly endanger and damage petitioner, in that it will cause a depreciation in the market value of her property, and because the relative situation of plaintiff's land to the land purchased by the city is such that the water will flow from the

cemetery on to her land; that the drainage both above and underground will be directly from it through her land, and the sources of her drinking water will be contaminated to such an extent as to cause sickness to those using it, and the water will thus be rendered unfit for use; that the atmosphere will be contaminated and dangerous to the residents upon the lands contiguous to the cemetery; that there is no necessity for the location of the cemetery upon the lot where the defendants propose to locate it, as there are other cemeteries in the City of Nashville, and if they are not sufficiently large another tract of land could be bought for less money than the city has expended for the tract upon which it now purposes to locate the cemetery, and equally or more available than the lands purchased. The defendants filed demurrers both general and special; and also answered the petition, denying the material allegations thereof. At the interlocutory hearing the court refused the injunction, and the plaintiff excepted.

There was evidence introduced upon the hearing which authorized a finding by the court that the location and establishment of a cemetery by the defendants upon the tract of land upon which they purpose to locate it would not cause any of the physical ills which the complainant apprehends and which constitute one of the grounds upon which she seeks an injunction. Evidence was submitted by the plaintiff, tending to show that the drainage from the proposed cemetery would be towards and through her lands and that the water upon her premises would be contaminated if the lot purchased by the city should be used as a place of interment for the dead. But this evidence was not uncontroverted. The evidence introduced by the defendants made a direct issue of fact. There was also introduced by the plaintiff evidence tending to establish the allegation that the market value of her property would be depreciated unless the defendants were enjoined as prayed.

1. Under the evidence contained in the record the court did not err in refusing the injunction. Cemeteries are a necessity. A place where the dead may be given decent Christian burial must be established, and the location of such must necessarily be upon some tract of land more or less suitable and commodious; and it is impossible to find a tract of land that is not contiguous to the lands of some one else. And inasmuch as cemeteries must be

established and should be located where they are reasonably ac-·cessible, it is rarely possible to so fix their location, when they are designed for the use of a populous town or city, where they will not be in more or less close proximity to some residence; and unless the soil of the land used as a cemetery and that of the contiguous owners is such as to cause a drainage which will produce a contamination of the waters, thereby putting in jeopardy the health or lives of the owners of the contiguous lands and the health of their families, or unless the air would be contaminated,. courts of equity will not interfere by the .grant of injunctive relief to prevent the establishment and location of the cemetery. Cemeteries are not per se nuisances, and it is only in exceptional cases that their establishment and location would be enjoined by a court of equity. Where it is shown that the location of a cemetery in some place would contaminate the water used for drinking purposes or for watering cattle or other domestic animals, and that thereby the health of the residents upon the adjacent lands would be endangered, and that some. other place sufficiently convenient and accessible could be procured; and that the location of the cemetery at the latter place is not objectionable upon any valid ground, equity might interfere to prevent its location in the place where it is shown there are sound reasons for apprehending danger to the life or health of those residing nearby. In this connection see the case of Elvina Braasch v. Cemetery Assn., 69 Neb. 300 (95 N. W. 646, 5 Am. & Eng. Ann. Cases, 132, and the cases cited in the note) ; 5 A. & E. E. Law, 791; Ex parte Wygant, 39 Or. 429 (64 Pac. 867), and the notes thereto in 87 Am. St. R. 673. The authorities cited above cover fully the principal question involved in this case.

2. It is recited in the bill of exceptions, that, "Upon the call of the case and before any evidence was offered, an intervention was tendered by G. B. Sanders and Mary A. P. Sanders, setting up that they too owned lands adjoining upon which they resided, and sought by said intervention to be made parties to the said litigation, in order to contest the establishing and locating of the said cemetery as contemplated by the city and to join Miss Mary J. Harper in the fight as parties plaintiff in said case, and seeking to adopt her original petition as their own." The court disallowed the intervention, and it is recited in this bill of exceptions that

J. B. Sanders and Mary A. P. Sanders excepted to this ruling and assigned the same as error. And it is further recited that the original petition and the intervention of G. B. and Mary Sanders are "incorporated in this bill of exceptions and made a part hereof." Upon examination of the bill of exceptions and the entire record it appears that the intervention of J. B. and Mary Sanders is not incorporated in the bill of exceptions, nor is it attached as an exhibit, and it nowhere appears in the record. Moreover, there is no further statement of what is contained in the intervention than appears from the brief extract quoted above. The bill of exceptions itself is sued out by Miss Mary Jane Harper alone, and she and the defendants in error are the only parties to the same; and if the intervention had been meritorious, we do not think that it is competent for the intervenors to except to a disallowance of that intervention in a bill of exceptions to which they are not parties.

3. Under the ruling in the case of *Atlantic Coast Line Railroad Co.* v. *State,* 135 *Ga.* 545 (69 S. E. 725), the court did not err in excluding evidence offered to show that the proper notice had not been published of the intention to ask local legislation.

4. Error was assigned upon certain other rulings of the court, but these exceptions were not urged or referred to in the brief of counsel for plaintiff in error, and therefore they are treated as abandoned.      *Judgment affirmed. All the Justices concur.*