## DORSEY, Governor, v. WRIGHT, Comptroller-General.

"A duly enrolled act, properly authenticated by the regular presiding officers of both houses of the General Assembly, approved by the Governor, and deposited with the Secretary of State as an existing law, will be conclusively presumed to have been enacted in accordance with constitutional requirements." This ruling is applicable to the controlling issue in the case at bar; and under that ruling the court erred in admitting in evidence the journals of the House of Representatives

and the Senate for the purpose of showing that the yeas and nays had not been recorded therein as is prescribed in art. 3, sec. 7, par. 12, of the constitution of this State (Civil Code 1910, § 6441).

No. 2102.   JULY 6, 1920.

Petition for mandamus. Before Judge Pendleton. Fulton superior court. June 9, 1920.

*H. J. Quincey,* for plaintiff.

*R. A. Denny, attorney-general,* and *Graham Wright, assistant attorney-general,* for defendant.

Brief for parties not of record, but interested in the result, by *Moore & Pomeroy, W. G. Smith, W. T. Tuggle, B. W. Fortson, Cleveland & Goodrich, T. G. Farmer Jr., Pierce Brothers, L. J. Steele, Tate Wright, Pottle & Hofmayer,* and *G. A. Johns.*

HILL, J. An act approved August 16, 1919 (Acts 1919, p. 256), provided for the registration of motor-vehicles, for the issuance of licenses for operating such vehicles upon the payment of fixed fees for such licenses, and for the appropriation of the funds arising from the collection of such fees. Another act approved August 18, 1919 (Acts 1919, p. 242), provided for the reorganization of the State Highway Department. In mandamus proceedings instituted by the Governor of this State to compel the Comptroller-General to countersign certain warrants on the treasury, issued by the Governor, the respondent alleged, as a reason for his refusal to countersign the warrants, that both of the acts above referred to were void as violative of art. 3, sec. 7, par. 12, of the constitution of this State (Civil Code of 1910, § 6441), providing that "No bill or resolution appropriating money shall become a law, unless upon its passage the yeas and nays in each house are recorded." It appears that the acts in question were duly enrolled, properly authenticated by the regular presiding officers in both houses of the General Assembly, approved by the Governor, and deposited with the Secretary of State as an existing law. Under the ruling announced in the headnote it was error to admit in evidence, over objection duly made, the journals of the House of Representatives and the Senate of 1919, for the purpose of showing that on the final passage of the acts above mentioned the yeas and nays were not recorded therein. *DeLoach v. Newton,* 134 *Ga.* 739 (68 S. E. 708, 20 Ann. Cas. 342); *Whitley* v. *State,* 134 *Ga.* 758 (68 S. E. 716); *A. C. L. R. Co.*

v. *State,* 135 *Ga.* 545 (69 S. E. 725, 32 L. R. A. (N. S.) 20);
*Harper* v. *Nashville,* 136 *Ga.* 141 (3) (70 S. E. 1102); 2 Wigmore on Evidence, § 1350; 1 Jones on Evidence, § 117.

In *A. C. L. R. Co.* v. *State,* supra, this court by unanimous decision definitely and explicitly decided that an enrolled bill properly authenticated by the speaker of the house and the president of the senate, approved by the Governor, and filed in the office of the Secretary of State, is to be conclusively presumed to have been enacted in accordance with constitutional requirements, and that the journals of the two houses of the General Assembly are not admissible to show to the contrary. While the constitutional provision involved in that case was art. 3, sec. 7, par. 14 (Civil Code 1910, § 6443), which declares: "No bill shall become a law unless it shall receive a majority of the votes of all the members elected to each house of the General Assembly, and it shall, in every instance, so appear on the journal," the general legal principle announced and applied to the case then under consideration is applicable here, and the decision in the former case is controlling.

As to the declaration of the constitution that "Legislative acts in violation of this Constitution, or the Constitution of the United States, are void, and the Judiciary shall so declare them" (art. 2, sec. 4, par. 2, Civil Code of 1910, § 6392), it was said in *DeLoach* v. *Newton,* supra, "that there is a wide distinction between taking up an act which has been passed by the legislature, comparing it with the constitution, and declaring whether its provisions are in accord with that instrument or not, and looking into the details of the method of procedure of the legislative bodies in passing the act and the regularity of the steps which they took in so doing. The court declares the law." The provision of the constitution just quoted refers to the duty of the judiciary in determining whether the provisions of an act duly enrolled, properly authenticated by the regular presiding officers of both houses of the General Assembly, approved by the Governor, and deposited with the Secretary of State. violate the declarations of either the State or the Federal constitution.

Applying the foregoing ruling, the judge erred in refusing to make the mandamus absolute.

*Judgment reversed. All the Justices concur.*