## JONES *v.* THE STATE.

The accused was indicted for involuntary manslaughter in the killing of a named person without any intention to do so, but in the commission of an unlawful act which, in its consequences, naturally tended to destroy the life of a human being. There were two counts in the indictment. In the first, the unlawful act charged as being committed by the accused when the homicide occurred was the driving of an automobile by him over a public highway at a speed exceeding thirty miles an hour; and in the second, that he was under the influence of intoxicating liquors while driving the automobile at the time of the homicide. *Held:*

1. So much of the act of the General Assembly passed at the called session of 1915 (Ga. L. Ex. Sess. 1915, p. 107) as (in sec. 10) declares it to be unlawful for any person to operate a motor-vehicle upon any public street or highway at a speed exceeding thirty miles per hour, and as (in sec. 15) declares it to be unlawful for any person to operate a motor-vehicle upon any public street or highway while under the influence of intoxicating liquors or drugs, is unconstitutional and void, for the reason that the constitution, art. 5, sec. 1, par. 13 (Civil Code, § 6482), declares that "no law shall be enacted at a called session of the General Assembly, except such as shall relate to the object stated in his [the Governor's] proclamation convening them," and such designated portions of the act above referred to do not relate to any object stated in his proclamation calling the special session. the only reference to motor-vehicles in the proclamation being as to amending the automobile license-tax laws of the State, so as to secure the collection and disposition of the same.

(*a*) The approval of the act by the Governor did not make it valid.

(*b*) The ruling here made is not in conflict with anything decided in *Dorsey* v. *Wright*, 150 *Ga.* 321 (103 S. E. 591), and *Atlantic Coast Line R. Co.* v. *State*, 135 *Ga.* 545 (69 S. E. 725, 32 L. R. A. (N. S.) 20).

(*c*) The first count in the indictment being based solely on that part of section 10 of the act of 1915 held to be void, the demurrer to it should have been sustained.

2. The second count of the indictment may stand upon section 9 of the act of 1910 (Acts 1910, p. 90), making it a misdemeanor for one to operate an automobile over the public streets or roads while intoxicated, which act was not repealed by the unconstitutional provision of section 15 of the act of 1915. However, as the State introduced no evidence tending to support this count, the court should have granted a new trial as to it, for that reason.

No. 2138. MAY 13, 1921. REHEARING DENIED JUNE 18, 1921.

Indictment for involuntary manslaughter. Before Judge Blair. Fulton superior court. June 12, 1920.

Charles Jones was indicted for involuntary manslaughter in the commission of an unlawful act. There were two counts: First, that the defendant, on May 31, 1917, while driving an automobile upon a designated public road of Fulton county, at a rate of speed exceeding thirty miles an hour, in violation of the law of this State, drove the machine against and over Hoke Smith Lee, thereby unlawfully killing him, without intention to do so, but while engaged in such unlawful act which might probably produce such a consequence in an unlawful manner. Second, that the defendant, on the same occasion as stated in the first count, and while under the influence of intoxicating liquors, unlawfully drove the automobile over and upon Hoke Smith Lee, thereby unlawfully, but not intentionally, killing him, while engaged in such unlawful act which might probably produce such a consequence in an unlawful manner. On the trial the defendant demurred to the indictment, upon the following grounds: (1) "Because no offense is set forth and ` charged in said indictment." (2) "Because the first count in said indictment is based upon section 10, and the second count thereof is based upon section 15, of the act of the General Assembly of this State, approved Nov. 30, 1915, entitled ' An act providing for the annual registration and identification of motor-vehicles, and motorcycles," etc., which said act was passed during the extraordinary session of the legislature of this State, which was convened on Nov. 3, 1915, under the call and proclamation of Hon. N. E. Harris as Governor of this State, on Sept. 28th, 1915; and because said two sections of said act are unconstitutional, null and void, because said sections do not relate to any of the objects stated in the Governor's proclamation convening the legislature in said extraordinary session." The demurrer was overruled, and the defendant excepted pendente lite. There was a general verdict of guilty, fixing the sentence at one year in the penitentiary. A new trial was denied, to which ruling the defendant excepted, assigning error also on his exceptions pendente lite.

*Branch & Howard* and *Hines, Hardwick & Jordan,* for plaintiff in error.

*John A. Boykin, solicitor-general,* and *E. A. Stephens,* contra.

FISH, C. J. (After stating the foregoing facts.) In article 5, section 1, paragraph 13, of the constitution of this State (Civil Code, § 6482) it is declared that the Governor "shall have power to convoke the General Assembly on extraordinary occasions; but no law shall be enacted at called sessions of the General Assembly, except such as shall relate to the object stated in his proclamation convening them." The proclamation of the Governor convoking the General Assembly in extraordinary session, to meet November 3, 1915, among other matters, stated: "Whereas some doubts have arisen concerning the validity of the automobile license tax, owing to the decisions of some of the courts touching the same, which tax it is stated amounts to about $110,000.00 annually, and the loss of which it is thought could be prevented by a slight amendment of the law providing methods for its collection and disposition." One of the objects declared as of sufficient importance to make the necessity for such extraordinary session was, "To consider the question of amending the automobile license tax, authorized in the act approved August 19, 1913, amending an act approved August 13, 1910, and any other acts concerning the same, so as to secure the collection and disposition of said tax." Governor's Proclamation, Georgia Laws, Extraordinary Session 1915, pp. 5, 6, 7. An act was passed at such called session of the General Assembly, and approved November 30, 1915 (Ga. L. Ex. Sess. 1915, p. 107), in which it was declared (sec. 10): "No person shall operate a motor-vehicle or motorcycle upon any public street or highway at a speed greater than is reasonable and safe, not to exceed a speed of 30 miles per hour, having due regard for the width, grade, character, traffic, and common use of such street or highway;" etc. It was declared in section 15 of that act: "No person shall operate a motor-vehicle or motorcycle upon any public street or highway, whether as owner or operator of such vehicle, . . while under the influence of intoxicating liquors or drugs;" etc. The act purported to repeal all laws in conflict with it, and made the violation of any of its provisions a misdemeanor.

The constitutional declaration that "no law shall be enacted at called sessions of the General Assembly, except such as shall relate to the object stated in his [the Governor's] proclamation convening them," is 'mperative, and expressly and definitely limits

the power of the General Assembly at a called session to enact only such laws as relate to an object stated in the Governor's proclamation convening them. Therefore an act relating to any other object must necessarily, when properly challenged, be declared by the courts unconstitutional and void. It is manifest that so much of the act of 1915 as sought in section 10 thereof to make it unlawful for any person to operate a motor-vehicle on a public street or highway at a speed exceeding 30 miles per hour, and in section 15 thereof sought to make it unlawful for any person to operate a motor-vehicle on a public street or highway while under the influence of intoxicating liquors or drugs, does not relate to the object stated in the Governor's proclamation convening the General Assembly, in reference to " amending the automobile license tax, . . so as to secure the collection and disposition of said tax;" and we are therefore constrained to hold such provisions of that act to be unconstitutional and void. See 25 R. C. L. 806, § 56; Wells v. Missouri Pac. R. Co., 110 Mo. 286 (19 S. W. 530, 15 L. R. A., 847) ; cases collated in 40 L. R. A. (N. S.) 28, in notes to Atchison &c. R. Co. v. State, 28 Okla. 94 (113 Pac. 921) ; Long v. State, 58 Tex. Cr. R. 209 (127 S. W. 208, and notes in 21 Ann. Cas. 405) ; People v. Curry, 130 Cal. 82 (62 Pac. 516) ; State v. Woollen, 128 Tenn. 456 (161 S. W. 1006, 37 Ann. Cas. 465), and notes.

Of course, the approval of the act by the Governor could not make it valid. Wells v. Missouri Pac. R. Co., and Long v. State, supra.

In support of their contention as to the validity of the act in question, counsel for the State cite Dorsey v. Wright, 150 Ga. 321 (103 S. E. 591), and Atlantic Coast Line R. Co. v. State, 135 Ga. 545 (69 S. E. 725, 32 L. R. A. (N. S.) 20), where it was held: " A duly enrolled act, properly authenticated by the regular presiding officers of both houses of the General Assembly, approved by the Governor, and deposited with the Secretary of State as an existing law, will be conclusively presumed to have been enacted in accordance with constitutional requirements; and it is not permissible to show by the legislative journals, or other records, that it did not receive on its passage a majority vote of all the members elected to each house, or that there was any irregularity in its enactment " The ruling made in the cases cited is not in

point as to the question in the instant case.    There the main question was as to a rule of evidence; moreover, it was there sought to defeat a statute because not enacted in the method prescribed by the constitution; but here the vital point made is that the General Assembly did not have legal power or jurisdiction at the special session to pass the act challenged as invalid.    In other words, there the manner of the exercise of authority which the General Assembly manifestly had was the question sought to be presented, while here the point is that the General Assembly had no authority whatever to legislate as to the matter quoted from sections 10 and 15 of the act in question.

It follows from what has been said that the court erred in not sustaining the demurrer to the first count in the indictment, as it was based solely on that portion of section 10 of the act of 1915 which we hold to be void, and therefore the violation of it not to be unlawful.    There was no other act, which was valid, upon which the first count could be founded, as the fifth section of the act of 1910 (Acts 1910, pp. 90, 92), making it a penal offense to operate an automobile " at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of such highway, or so as to endanger the life or limb of any person or the safety of any property," had been held to be " too indefinite to form the basis of a criminal action." Hayes v. State, 11 Ga. App. 374 (75 S. E. 523) ; Empire Life Ins. Co. v. Allen, 141 Ga. 413 (81 S. E. 120) ; Strickland v. Whatley, 142 Ga. 802 (83 S. E. 856) ; Jones v. Stokes, 145 Ga. 745 (89 S. E. 1078).

The second count of the indictment was not, however, necessarily based on the fifteenth section of the act of 1915, which we have held to be void.    In the ninth section of the act of 1910 (Acts 1910, p. 90), it is declared: " That it shall be unlawful for any person who is intoxicated  .  .  to propel or operate a machine [automobile] on any of the highways described in this act," and section 15 of that act makes a violation of any of its provisions a misdemeanor.    Therefore, so far as anything to the contrary appears in the second count of the indictment, it may have been founded on the ninth section of the act of 1910.    As section 15 of the Act of 1915 is void, it could not repeal section 9 of the act of 1910, even if the act of 1910 were in conflict with that of 1915.    See 25 R. C. L. 914, § 166 n. 4.

Evidently the State on the trial abandoned the prosecution on the second count in the indictment, as no evidence was submitted tending to sustain it. Accordingly, the court erred in not granting a new trial on the general ground in the motion, that there was no evidence to authorize the verdict.

Of course, nothing we have said is to be taken as applicable to municipal ordinances regulating the speed of motor-vehicles; nor to those parts of the act passed at the called session of 1915 which relate to any object stated in the Governor's proclamation convening the General Assembly in special session.

*Judgment reversed. All the Justices concur.*