## McDONALD *v.* THE STATE.

1. Sections 9 and 15 of the act of 1915 (Acts Ex. Sess. 1915, p. 107), and certain portions of section 10 of the same act, all copied in the first division of this opinion, are violative of art. 5, sec. 1, par. 13, of the constitution of this State, which provides that " no law shall be enacted . at a called session of the General Assembly, except such as shall relate to the object stated in his [the Governor's] proclamation convening them," because the act above referred to was passed at an extraordinary session of the legislature, and the proclamation issued by the Governor convoking the legislature into extraordinary session did not comprehend the matter to which the above-mentioned provisions of the act of 1915 related; and consequently the legislature at such extraordinary session was without authority to pass any law dealing with such matters.

(a) The judge erred in overruling the demurrers to certain counts in the indictment, which were based in part on violation of the above provisions of the act of 1915.

(b) The 7th count was sufficient notwithstanding the unconstitutionality of the act above referred to, because it conformed to the provision of section 9 of the act of 1910 (Acts 1910, p. 90), referring to the same subject-matter, which was not repealed by the unconstitutional provisions of the act of 1915, supra.

2. Applying the evidence to the allegations of other counts in the indictment, it was erroneous for the judge to omit to charge the jury, without request, the law relating to the crime of involuntary manslaughter in the commission of a lawful act without due caution and circumspection.

No. 2377. November 16, 1921.

Conviction of involuntary manslaughter. Before Judge Humphries. Fulton superior court. November 27, 1920.

*J. O. Ewing, John Y. Smith,* and *Branch & Howard,* for plaintiff in error.

*John A. Boykin, solicitor-general,* and *E. A. Stephens,* contra.

ATKINSON, J.　Frank McDonald was charged under 7 counts in an indictment for the murder of Mrs. Carabel Smith, by driving an automobile against her, inflicting certain wounds from which she died.　A demurrer to counts 3, 5, 6, and 7 having been overruled, the defendant excepted pendente lite.　At the trial count 2 was withdrawn; and a verdict was rendered finding "the defendant guilty on counts 1, 3, 4 and 6 of involuntary manslaughter."　The defendant made a motion for a new trial, which was overruled, and he excepted.　The bill of exceptions also assigned error on the exceptions pendente lite.

1.　In each of the counts 3, 5, 6 and 7 it was charged that the crime of murder was committed while the defendant was engaged in an unlawful act.　The unlawful act alleged in count 3 was a violation of the first paragraph of section 10 of the act of 1915 (Acts Ex. Sess. 1915, pp. 107, 112), which provides that "No person shall operate a motor-vehicle or motorcycle upon any public street or highway at a speed greater than is reasonable and safe, not to exceed a speed of 30 miles per hour, having due regard for the width, grade, character, traffic, and common use of such street or highway; or so as to endanger life, limb, or property in any respect whatever."　The unlawful act alleged in count 5 was a violation of section 9 of the act of 1915 (Acts Ex. Sess. 1915, p. 111), which provides: "Every motor-vehicle and motorcycle, while in use or operation upon the streets or highways of this State, shall at all times be provided and equipped with efficient and serviceable brakes, and with a signaling device, consisting of a horn, bell, or some other suitable device.　It shall likewise be equipped with at least two front lamps, throwing strong, white lights to a reasonable distance in the direction in which such vehicle is proceeding, a rear lamp showing a red light plainly visible in the reverse direction to which said vehicle is proceeding, and such other light so reflected as to clearly reveal the figures on the number-plate; provided, that a motorcycle shall be required to be equipped with one front light only.　All of such lamps or lights shall at all times be kept burning while such vehicle is in use or operation or standing in a public street or highway during the period from one hour after sunset until one hour before sunrise."　The unlawful act alleged in count 6 was a violation of the last para-

graph of section 10 of the act of 1915 (Acts Ex. Sess. 1915, p. 113), which provides that "No person operating a motor-vehicle or motorcycle upon a public street or highway in this State shall drive the same past any street-car, interurban or other passenger-train, in said street or highway, while the same is standing still for the purpose of taking on or letting off passengers to or from such car or train." The unlawful act alleged in count 7 was a violation of section 15 of the act of 1915 (Acts Ex. Sess. 1915, p. 115), which provides that "No person shall operate a motor-vehicle or motorcycle upon any public street or highway, whether as owner or operator of such vehicle, if under sixteen years of age, or while under the influence of intoxicating liquors or drugs; and no person shall take, use, or operate any motor-vehicle or motorcycle upon the public streets and highways, without the permission of the owner thereof."

In the demurrers to the several counts above mentioned, each of the above provisions of the act of 1915 was attacked as violative of art. 5, sec. 1, par. 13, of the constitution of the State (Civil Code, § 6482), which provides that "No law shall be enacted at a called session of the General Assembly, except such as shall relate to the object stated in his [the Governor's] proclamation convening them," on the ground that the act of 1915 was passed at an extraordinary session of the legislature, and the proclamation issued by the Governor convoking the legislature into extraordinary session did not comprehend legislation on the subjects to which the above-mentioned provisions of the act relate. After the decision by the trial court overruling the demurrer this court in the case of *Jones* v. *State,* 151 *Ga.* 502 (107 S. E. 765), rendered the following decision:

"The accused was indicted for involuntary manslaughter in the killing of a named person without any intention to do so, but in the commission of an unlawful act which, in its consequences, naturally tended to destroy the life of a human being. There were two counts in the indictment. In the first, the unlawful act charged as being committed by the accused when the homicide occurred was the driving of an automobile by him over a public highway at a speed exceeding thirty miles an hour; and in the second, that he was under the influence of intoxicating liquors while driving the automobile at the time of the homicide. *Held:*

"1. So much of the act of the General Assembly passed at the called session of 1915 (Ga. L. Ex. Sess. 1915, p. 107) as (in sec. 10) declares it to be unlawful for any person to operate a motor vehicle upon any public street or highway at a speed exceeding 30 miles per hour, and as (in sec. 15) declares it to be unlawful for any person to operate a motor vehicle upon any public street or highway while under the influence of intoxicating liquors or drugs, is unconstitutional and void, for the reason that the constitution, art. 5, sec. 1, par. 13 (Civil Code, § 6482), declares that 'no law shall be enacted at a called session of the General Assembly, except such as shall relate to the object stated in his [the Governor's] proclamation convening them,' and such designated portions of the act above referred to do not relate to any object stated in his proclamation calling the special session, the only reference to motor vehicles in the proclamation being as to amending the automobile license tax laws of the State, so as to secure the collection and disposition of the same.

"(*a*)   The approval of the act by the Governor did not make it valid.

"(*b*)   The ruling here made is not in conflict with anything decided in *Dorsey* v. *Wright,* 150 *Ga.* 321 (103 S. E. 591), and *Atlantic Coast Line R. Co.* v. *State,* 135 *Ga.* 545 (69 S. E. 725, 32 L. R. A. (N. S.) 20).

"(*c*)   The first count in the indictment being based solely on that part of section 10 of the act of 1915 held to be void, the demurrer to it should have been sustained.

"2.   The second count of the indictment may stand upon section 9 of the act of 1910 (Acts 1910, p. 90), making it a misdemeanor for one to operate an automobile over the public streets or roads while intoxicated, which act was not repealed by the unconstitutional provision of section 15 of the act of 1915. However, as the State introduced no evidence tending to support this count, the court should have granted a new trial as to it, for that reason."

This decision is applicable to the several provisions of the act of 1915 above set forth, upon which counts 3, 5, 6, and 7 were based. Those provisions of the act being unconstitutional, it was erroneous to overrule the demurrer to counts 3, 5, and 6. Count 7 was sufficient under section 9 of the act of 1910 (Acts 1910, p.

90), which provides: "It shall be unlawful for any person who is intoxicated or under the age of sixteen years at the time, unless such minor shall have previously had twelve months' experience in the operation of automobiles and is accompanied by the owner of the machine at the time, to propel or operate a machine on any of the highways described in this act, of this State. No person shall operate an automobile without the consent and by authority of the owner. and any person so doing shall be guilty of a misdemeanor and punishable therefor," and was not repealed by the unconstitutional provision in section 15 of the act of 1915, supra. The error in overruling the demurrer to counts 3, 5, and 6 rendered all further action by the court under those counts nugatory. The jury did not render a verdict against the defendant on count seven; and count two was withdrawn.

2. The jury convicted the defendant of "involuntary manslaughter" under counts 1, 3, 4, and 6. The ruling in the first division of this opinion disposes of the case on counts 3 and 6. It is necessary to consider the motion for new trial only in so far as it relates to counts 1 and 4. In the amended motion for new trial complaint is made that the judge omitted to charge the jury, without request, the law on the subject of involuntary manslaughter in the commission of a lawful act without due caution and circumspection (the charge which it was contended should have been given being set forth), on the ground that under the evidence such offense was involved. In dealing with this question both counts may be considered together. It was alleged in count 4 that at the time of the homicide the defendant was driving in violation of an ordinance of the City of Atlanta, but no ordinance was introduced in evidence; and as the court will not take judicial cognizance of a municipal ordinance (*Funk* v. *Browne,* 145 *Ga.* 828 (2), 90 S. E. 64; *Shurman* v. *Atlanta,* 148 *Ga.* 1 (3), 95 S. E. 698), the case made under that count does not differ from that made under count 1, which charged the unlawful killing of the deceased by driving an automobile against her.

The testimony introduced by the State tended to show the following case: The homicide occurred late in an afternoon at the intersection of Ivy and Harris streets in the City of Atlanta. The deceased had just alighted on the east side and from the

front end of a north-bound trolley-car which had stopped on approaching the intersection of the streets to let off passengers. Almost instantly the automobile driven by the defendant going north passed the trolley-car at a rate of speed estimated to be 35 or 40 miles per hour, striking the deceased and dragging her body entirely across Harris street and killing her. The streets were paved, and the driving space between the street-car and sidewalk was about eleven feet wide. The automobile bore towards the sidewalk, and, after dropping the body, ran partly on the sidewalk and overturned an ice wagon standing at the edge of the sidewalk near the northeast corner of the streets, and was stopped by jamming a telephone pole at the edge of the sidewalk, about 15 feet north of the wagon. Approaching Harris street from the south, Ivy street contained a long and considerably steep down-grade which the defendant traversed before reaching the scene of this disaster. There were two ladies riding on the front seat of the automobile with him. The driver of a truck going also north along Ivy street had noticed defendant several blocks away, having trouble with his car, and passed him while he was apparently trying to " change his gear." The truck-driver did not see him again until his car passed at the alarming speed where the truck-driver had stopped at the rear of the street-car standing at the intersection of the streets.. Defendant's car was equipped with an " emergency brake " manipulated by a hand-rod, and with a " service brake " manipulated by pressure of the foot on a pedal inserted through the floor. It was also equipped with an accelerator, manipulated by pressure of the foot on a small pedal inserted through the floor about three inches from the pedal that applied the service brake. The office of the accelerator is to feed gas to the engine, and secondarily to produce speed in the car. After the tragedy, the automobile was taken in charge and examined by a mechanic, who testified that the emergency brake was in " fairly good " condition, and that " the service brake, known as the foot-brake, wouldn't hold at all; you could push it over flat, and it didn't have any effect on the car at all."

The circumstances above stated are sufficient to authorize a finding that the homicide was not intentional, but that it was committed by the defendant while engaged in the lawful act of operating an automobile but without exercising due care and

circumspection, so that it might be kept under his control, and not injure others who should chance to be on the street on which he was driving. The facts bring the case within the principle of *Flannigan* v. *State*, 136 *Ga.* 132 (70 S. E. 1107), in which it was held: "Where a homicide occurs in the performance or commission of an act not in itself wrongful, and the attendant circumstances, while showing no intention to kill, authorize an inference that the homicide resulted from the negligent doing of an act under circumstances endangering life, the homicide is involuntary manslaughter in the commission of a lawful act without observing necessary discretion and caution." It was erroneous to omit to charge this principle as applicable under the allegations of the indictment and the evidence submitted by the State.

*Judgment reversed. All the Justices concur, except George, J., dissenting from the ruling in the second headnote, and Fish, C. J., absent because of sickness.*