27917. HOOPER *v.* HARVEY.

DECIDED MARCH 14, 1940.

*A. T. Walden,* for plaintiff in error. *Herman Talmadge,* contra. *Edward F. Taylor,* for persons at interest, not parties.

STEPHENS, P. J.   Ed Harvey filed with the Industrial Board a claim for compensation, alleging that while in the employment of N. A. Hooper doing business as Crystal Fish Market, he received a compensable injury.   It developed on the hearing before the director that the employer had in his employment, at the time of the injury to the claimant, more than five and less than ten employees regularly in service.   The director rendered an award in favor of the claimant, finding that the injury arose out of his employment and was compensable; and that the employer was subject to the provisions of the compensation act.   Upon appeal to the board the award of the director was affirmed.   The employer filed his appeal to the superior court.   That court affirmed the award of the board, and the employer excepted.

There was evidence to support the award in so far as the director found that the claimant received a compensable injury while in the employment of the defendant; and this renders it necessary for this court to decide the question raised before the Industrial Board, and in the superior court, whether or not the compensation act was so amended by the legislature in 1937 as to make subject thereto employers having regularly in service five or more employees.   It appears from the printed copy of the laws enacted by the General Assembly at the regular session in 1937 that there was passed, and approved by the Governor on March 30, 1937, an act to amend portions of the compensation act including Code § 114-107, as follows: "An act to amend section 114-107 of the Code of Georgia of 1933, by striking therefrom the figures '10' in the thirteenth line thereof and substituting in lieu thereof the figures '10'; . . Be it enacted by the General Assembly of the State of Georgia, . . that from and after the passage and approval of this act, section 114-107 of the Code of Georgia of 1933 be amended by striking therefrom the figures '10' in the thirteenth line thereof and substituting in lieu thereof the figure '10,' so that said section as amended shall read as follows: . 'Section 114-107. Employers and employees to whom law inapplicable; . . This title shall not apply . . to any persons, firm, or private corporation . .

that has regularly in service less than five employees in the same business within this State, unless such employees and their employers voluntarily elect to be bound.'" Ga. L. 1937, pp. 528, 529. The attention of this court has been called to the enrolled act on file in the office of the Secretary of State. Thereon appears the signature of the president and the clerk of the Senate, and of the speaker and the clerk of the House, together with the signature of the Governor approving the act, March 30, 1937. The enrolled act recites, in part, as follows: "An act to amend section 114-107 of the Code of Georgia of 1933, by striking therefrom the figures '10' in the thirteenth line thereof and substituting in lieu thereof the figures '10' . . Be it enacted by the General Assembly of the State of Georgia, . . that from and after the passage and approval of this act, section 114-107 of the Code of Georgia of 1933 be amended by striking therefrom the figures '10' in the thirteenth line thereof and substituting in lieu thereof the figure '10,' so that said section as amended shall read as follows: 'Section 114-107. Employers and employees to whom law inapplicable. . . This title shall not apply . . to any persons, firm, or private corporation that has regularly in service less than 10 employees in the same business within this State, unless such employees and their employers voluntarily elect to be bound.'"

There is a discrepancy between the printed act and the enrolled act as regards how section 114-107 as amended shall read. In the printed copy the word "five" appears in the thirteenth line of section 114-107 as amended, while in the enrolled act the "figures '10'" appear in the thirteenth line of this section as amended, so that in fact there has been no change in the thirteenth line of section 114-107 as it appears from the enrolled act. Whenever there is a discrepancy between an act of the legislature as it appears in the printed acts of that body and as it appears in the enrolled act on file in the office of the Secretary of State, the enrolled act signed by the officers of the legislature and approved by the Governor controls. In *Epstin* v. *Levenson*, 79 *Ga*. 718 (4 S. E. 328), the Supreme Court held: "When an act has been passed by both branches of the legislature and approved by the Governor, its publication is complete. In the absence of the enrolled act, the court may look to the act as published by the public printer; but where the enrolled act is presented to the court, or the court

has knowledge of it and has inspected it, and it is different from the printed act, the former should control." This court in *Bass v. Doughty,* 5 *Ga. App.* 458 (63 S. E. 516), held: "Where there is a conflict between the language of an act of the General Assembly as it is enrolled in the office of the Secretary of State and as it appears in the volume published by the public printer, the former controls." See also *Davis* v. *Fitzgerald,* 6 *Ga. App.* 532 (65 S. E. 319); *DeLoach* v. *Newton,* 134 *Ga.* 739 (68 S. E. 708, 20 Ann. Cas. 342); *Bachlott* v. *Buie,* 158 *Ga.* 705 (3) (124 S. E. 339); *Dorsey* v. *Wright,* 150 *Ga.* 321 (103 S. E. 591). This court is bound by the foregoing decisions. The enrolled act as it appears in the office of the Secretary of State is conclusive. This being true, the effect of the act of 1937, in so far as Code § 114-107 is concerned, is to leave that section as it was before the act was passed, and the workmen's compensation act applies only to employers having regularly in their service ten or more employees. In examining the enrolled act in the office of the Secretary of State, this court had occasion to observe what purports to be a carbon copy of the act as enrolled. In justice to the printer and to the editor of the official Georgia Laws, that copy reads as the act appears in the printed book of the 1937 laws, and section 114-107 as amended appears with the figure "5" in the thirteenth line instead of the figures "10" in the thirteenth line as appears in the enrolled act.

It is insisted that the figures "10" where they appear in that part of the body of the enrolled act which recites how section 114-107 of the Code as amended shall read, were inserted therein after the enrolled copy and the carbon copy thereof were made. The carbon copy, which contains the figure "5" in this clause, and which reads that the act as amended shall read "5," is in fact the engrossed act. It has thereon the signatures of the secretary of the Senate and the clerk of the House. An enrolled act should be a true copy of the engrossed bill as amended and as passed by both houses. The enrolled act is not only certified by the secretary of the Senate and the clerk of the House, but is certified by the president of the Senate and the speaker of the House. The enrolled act, when so certified, is transmitted to the Governor for his approval or disapproval; and where it is approved by him and transmitted to the Secretary of State and filed, it constitutes an

official act of the legislature approved by the Governor of the State. If the enrolled act in this case has been changed in any manner so as to make it differ from the engrossed bill, it does not appear when this change was made. Whether it was made before the enrolled act was transmitted to the Governor's office, or before he approved it by attaching his signature thereto, or whether it was made afterwards, does not appear. The enrolled act did not become the law of Georgia until it was approved by the Governor. If the enrolled act had been changed by the insertion of the figure "10" therein, before the Governor approved it, the Governor did not approve an act containing the figure "5." As the act did not become a law until the Governor's signature was attached, the Code section referred to was then not amended by striking therefrom "10" employees and inserting in lieu thereof "5" employees. This court can not take any evidence, such as an affidavit of a person to the effect that he had inspected the enrolled act as it appears in the office of the Secretary of State, after it had been approved by the Governor and filed there, and that the figure "5" appeared in the enrolled act at the place where the figures "10" now appear in the enrolled act.

There also appears in the office of the Secretary of State the original bill which was introduced in the Senate. An inspection of this bill shows that it purports to amend the Code section referred to by striking therefrom the figures "10" and inserting in lieu thereof the figure "5." This bill, however, is not an act of the legislature. It appears from the House Journal (1937, volume 2, page 3542) that this bill was amended in the House by striking therefrom the figure "5" in the caption and in the body of the bill, and inserting in lieu thereof the figure "10." It also appears from the Senate Journal (1937 p. 2411) that the Senate agreed to the House amendment. It is represented to this court by the office of the Secretary of State that when an enrolled act of the legislature has been approved by the Governor and is transmitted to that office, it is bound in the exact condition in which it is received, and is placed under lock and key, and can be inspected by the public only in the presence of some official in the office of the Secretary of State; and that the carbon copy thereof which is also transmitted to the Secretary of State, and which is the engrossed bill, is turned over to the compiler of the official printed

acts, to be edited and indexed for delivery to the printer, and it is then returned to the office of the Secretary of State, where it is kept on file. The enrolled act of the legislature as it appears on file in the office of the Secretary of State, certified by the president and the secretary of the Senate and the speaker and clerk of the House and approved by the Governor, can not be impeached in this court in the manner sought in this proceeding. This court is bound by it as written. As it appears from the enrolled act, the Code, § 114-107, is not amended by striking therefrom "10" employees and substituting in lieu thereof "5" employees.

The superior court erred in affirming the award of the Industrial Board, which held that the employer in this case, who had at the time of the injury to the claimant less than ten and more than five employees regularly in service, was subject to the provisions of the compensation act.

*Judgment reversed. Sutton, J., concurs. Felton, J., concurs specially.*