BASS *vs.* BASS.

EQUITY, FROM MUSCOGEE. Practice in Supreme Court.

Jackson, C. J.—A bill was filed, claiming that, under a proper construction of a will, the complainant was entitled to the entire estate, as heir of the testator, an intestacy having occurred because of the failure of certain children, which destroyed the basis on which a trust was created by the will ; that her brother-in-law claimed the property under the will as belonging to him, subject only to a charge for her support, and had possessed himself of the property wrongfully under such claim ; that he had taken advantage of her distress of body and mind and her inability to support herself except through him, and had extorted from her a settlement, in lieu of all her interest, year's support, claim of dower and right to all the property as heir-at law. The prayer was for an accounting, etc. The answer denied all allegations of fraud and undue advantage, and set up a release of all interest in the property as being fairly and deliberately executed by her. On demurrer to so much of the bill as sought a construction of the will, it was agreed by counsel that if the demurrer should be sustained, the bill should be dismissed with right of exception to the Supreme Court. In this court the case was dismissed, as prematurely brought. (Bass *vs.* Bass, February term, 1884.) The remitter, as amended, provided that the cause "stand for a hearing in the court below as if never brought here or ruled there on demurrer ; that to this end, if stricken, the case be reinstated and tried de novo, and such other action be had as is necessary to effectuate this direction, it having been the true intent and meaning of this court in the judgment rendered simply and solely to decline to rule on the demurrer because it was prematurely brought." The case was heard again on demurrer, with no amendment except the striking of certain allegations as to statements made by testator during the last few years of his life. The demurrer was to so much of said bill as set up complainant's construction of the will. The judges sustained the demurrer. His order, after reciting the demurrer, proceeded as follows :

·"It was ordered that the said demurrer be and is hereby sustained, and that the parties proceed to try the issues made by the bill and answer; and thereupon complainant's counsel having stated in open court that if complainant, on a final construction of said will, was not entitled to the whole estate, they did not wish the settlement disturbed, and stated that the bill ought to be dismissed. The court thereupon dismissed the bill for want of equity."

A bill of exceptions pendente lite, with an acknowledgement of service thereon was filed, and also a writ of error to this court sued out:

. Held, that the case is prematurely here and cannot now be heard by this court; but under the peculiar facts thereof, the writ of error will be dismissed with directions that the court below proceed to try the issue made by the bill and answer.

(a.) both parties seem anxious for a hearing upon the merits of the case, and counsel for defendant in error declined to move to dismiss the writ of error on the ground that counsel for plaintiff in error had consented to the ruling, and this distinguishes it from Zorn *vs.* Lamar, 71 ·Ga. Had such a motion been made, it probably would have been sustained, unless the decree that the bill should be dismissed for want of equity went beyond the consent of counsel for plaintiff in error.

(b.) There was equity in the bill.

(c.) Questions suggested as to proper issues to be submitted to the jury on the trial of the case.

Writ of error dismissed with directions.

Smith & Russell; B. A. Thornton, for plaintiff in error.

R. J. Moses; McNeill & Levy, for defendant.