## 14107.  WISE *et al. v.* PLANTERS BANK.

Where an act creating a city court at a place other than Atlanta or Savannah does not provide for trial by a jury of twelve when demanded by either party, in a civil case, the court is not a constitutional city court, and a writ of error will not lie therefrom to this

court. *Welborne* v. *State*, 114 *Ga.* 793 (40 S. E. 857); *Monford* v. *State*, 114 *Ga.* 528 (40 S. E. 798); *Ash* v. *Peoples Bank*, 149 *Ga.* 713, 715 (101 S. E. 912); *Cone* v. *American Surety Co.*, 154 *Ga.* 841 (115 S. E. 481).

DECIDED MARCH 7, 1923.

Cōmplaint; from city court of Crawfordville — Judge Hawes Cloud. November 12, 1922.

*J. A. Mitchell,* for plaintiffs in error.

*Miles W. Lewis,* contra.

BROYLES, C. J. The city court of Crawfordville was established by an act of the General Assembly approved July 29, 1921 (Ga. L. 1921, p. 306). Section 19 of the act provides: " Be it further enacted by the authority aforesaid, that it shall be the duty of the clerk of said city court to prepare and file in his office a complete copy of jury lists of the superior court of Taliaferro county as provided from time to time for said superior court. From said copy so made jurors in said city court shall be drawn in the following manner: The clerk of said city court shall write upon separate tickets the name of each juror, and shall number the same and place the same in a box, to be prepared for the purpose, from which shall be drawn twenty-four jurors in the manner now required by law in the superior courts; *provided, however, that the defendant in any criminal case and either party in any civil case may waive demand for a full panel and demand a panel of twelve jurors from which shall be selected a jury of six as hereinafter provided.*" (Italics ours.) Section 21 of the act provides: " That where a full panel has been waived as provided in section 19 and a panel of twelve has been summoned the strikes shall be proportionately the same as when twenty-four jurors are summoned and the jury in either civil or criminal cases shall consist of six jurors." The obvious construction of these sections is that either party in a civil case can, if he chooses, have his suit tried by a jury of six, although the other party should demand a jury of twelve. It follows that the city court of Crawfordville is not a constitutional city court and that this court has no jurisdiction to entertain a writ of error therefrom.

*Writ of error dismissed. Luke and Bloodworth, JJ., concur.*