## TAYLOR *v.* STOVALL.

The constitutional amendment of 1916 (Acts 1916, p. 19) defining the jurisdiction of the Supreme Court and the jurisdiction of the Court of Appeals, contains the provision: "The Court of Appeals shall have jurisdiction for the trial and correction of errors of law from the superior courts and from city courts of Atlanta and Savannah, and such other like courts as have been or may hereafter be established in other cities, and in all cases in which such jurisdiction has not been conferred by this Constitution upon the Supreme Court, and in such other cases as may hereafter be prescribed by law." Under a proper construction of this amendment to the constitution, the words included in the foregoing excerpt, " *and in such other cases as may hereafter be prescribed by law,*" do not authorize the legislature to confer jurisdiction upon the Court of Appeals to entertain writs of error from courts other than superior courts, city courts of Atlanta and Savannah, and other like courts.

No. 3553. JULY 11, 1923.

The following questions were certified by the Court of Appeals (in Case No. 13385), as necessary for a proper decision of the case pending in the Court of Appeals: " The constitution of this State, in an amendment to section 2, article 6 thereof, fixing the jurisdiction of the Supreme Court and the Court of Appeals, adopted in the year 1916 (Ga. Laws 1916, pp. 19, 20) provides in part as. follows: ' The Court of Appeals shall have jurisdiction for the trial and correction of errors of law from the superior courts and from the city courts of Atlanta and Savannah and such other like courts as have been or may hereafter be established in other cities, and in all cases in which such jurisdiction has not been conferred by this Constitution upon the Supreme Court, and in such other cases as may hereafter be prescribed by law.'

1. Does the above-quoted provision: ' in such other cases as may hereafter be prescribed by law' (Code § 6450), authorize the legislature to thereafter provide by statute for the correction of errors of law by the Court of Appeals upon writs of error to any court in the State other than the superior and city courts expressly referred to in the above-quoted amendment? 2. Assuming that the city court of Alma, which was established by an act approved August 18, 1919 (Ga. Laws 1919, p. 411), after the adoption of the above-quoted amendment to the constitution of this State, is not a city court in the sense in which the term ' city court' is used in the above-quoted amendment to the constitution, has the legislature, under the above-quoted provision of the constitution, or Code § 6450, the power to provide, as is provided in section 30 of that act (Ga. Laws 1919, p. 421), for a writ of error ' direct from said city court of Alma to the Court of Appeals of this State' ? Section 30, supra, reads as follows: ' Be it further enacted by the authority aforesaid, that a writ of error direct from said city court of Alma to the Court of Appeals of this State shall lie upon a bill of exceptions filed under the same rules and regulations as govern and control the filing of bills of exceptions and the issuing of writs of error in the superior county courts of this State.' See, in this connection, the case of *Griffin* v. *Sisson,* 146 *Ga.* 661, which holds that this amendment to the constitution operated to repeal a previous constitutional provision and a previous statutory enactment by which the Court of Appeals was given jurisdiction to entertain bills of exceptions direct

from the municipal court of Atlanta. Applying the ruling of this case, must it be held that the legislature has not the right, under the above-quoted amendment of 1916 to the constitution, by a statutory enactment since the adoption of this amendment, to enlarge the jurisdiction of the Court of Appeals and confer upon it the power to correct errors from courts which are not superior courts or city courts in the sense in which this last expression is used in the constitution? "

*I. J. Bussell,* for plaintiff in error.

*T. J. Townsend,* contra.

ATKINSON, J. The several questions propounded by the Court of Appeals are but different forms of the same question. It is, in effect, do the words " and in such other cases as may hereafter be prescribed by law," considered in connection with the other language of the constitutional amendment of 1916, authorize legislative enactment conferring jurisdiction upon the Court of Appeals to entertain writs of error from courts other than superior courts and the city courts of Atlanta and Savannah and other like courts? The amendment to the constitution adopted in 1916 (Acts 1916, p. 19), referred to in the questions propounded, defines the jurisdiction of the Supreme Court and also the jurisdiction of the Court of Appeals. The language follows: " The Supreme Court shall have no original jurisdiction, but shall be a court alone for the trial and correction of errors of law from the superior courts and the city courts of Atlanta and Savannah, and such other like courts as have been or may hereafter be established in other cities; in all cases that involve the construction of the Constitution of the State of Georgia or of the United States, or of treaties between the United States and foreign governments; in all cases in which the constitutionality of any law of the State of Georgia or of the United States is drawn in question; and, until otherwise provided by law, in all cases respecting titles to land; in all equity cases; in all cases which involve the validity of or the construction of wills; in all cases of conviction of a capital felony; in all habeas-corpus cases; in all cases involving extraordinary remedies; in all divorce and alimony cases; and in all cases certified to it by the Court of Appeals for its determination. . . The Court of Appeals shall have jurisdiction for the trial and correction of errors of law from the superior courts and from the

city courts of Atlanta and Savannah, and such other like courts as have been or may hereafter be established in other cities, and in all cases in which such jurisdiction has not been conferred by this Constitution upon the Supreme Court, and in such other cases as may hereafter be prescribed by law." This provision of the constitution was interpreted in the light of its history, in the case of *Griffin* v. *Sisson,* 146 *Ga.* 661 (92 S. E. 278). One question involved in that case was whether that provision of the constitution repealed a former constitutional amendment of 1912? Another question was, did the Court of Appeals, after repeal of such amendment of 1912, have jurisdiction to review a decision of the municipal court of Atlanta? The decision depended upon a proper construction of the amendment of 1916. It was said:

"Prior to the establishment of the Court of Appeals by the constitutional amendment of 1906, the Supreme Court was the sole reviewing court in this State, and was created 'for the trial and correction of errors from the superior courts, and from the city courts of Atlanta and Savannah and such other like courts as may be hereafter established in other cities.' The purpose of the establishment of the Court of Appeals was to relieve the congestion of business in the Supreme Court, by the creation of another court of review. By the constitutional amendment of 1906 the Supreme Court was given jurisdiction to correct 'errors in law and equity from the superior courts in all civil cases, whether legal or equitable, originating therein or carried thereto from the court of ordinary, and in all cases of conviction of a capital felony, and for the determination of questions certified to it by the Court of Appeals.' By the same amendment the Court of Appeals was given 'jurisdiction for the trial and correction of errors in law and equity from the superior courts in all cases in which such jurisdiction is not conferred by this constitution on the Supreme Court, and from the city courts of Atlanta and Savannah and such other like courts as have been or may be hereafter established in other cities; and in such other cases as may hereafter be prescribed by law; except that where, in a case pending in the Court of Appeals, a question is raised as to the construction of a provision of the constitution of this State or of the United States, or as to the constitutionality of an act of the General Assembly of this State, and a decision of the question is necessary to the determination of

the case, the Court of Appeals shall so certify to the Supreme Court, . . which, after having afforded to the parties an opportunity to be heard thereon, shall instruct the Court of Appeals on the question so certified, and the Court of Appeals shall be bound by the instruction so given.' It will thus be seen that the cleavage of jurisdiction was made to turn in part on the origin of the case; whether from a superior court or the court of ordinary, or from an inferior court, such as a city or justice court. The amendment of 1912 authorized the legislature to establish municipal courts in cities of a certain size, and to provide writs of error either to the Supreme Court or the Court of Appeals or to the superior court. Agreeably to this amendment the municipal court of Atlanta was established, and a writ of error was given to the Court of Appeals. The published volumes of the reports of that court show that the Court of Appeals has entertained writs of error from the municipal court of Atlanta in a large number of cases, and that the business of that court has been largely increased thereby. The General Assembly appreciated the difficulty, if not impossibility, of that court performing its constitutional task with the number of judges allotted to do the work, and undertook to deal with the situation by increasing the number of judges to six. Acts 1916, p. 56. This legislation was manifestly considered to be only a temporary expedient, and to be regarded more as a symptomatic remedy than as an organic treatment of a serious condition. The necessity of relieving the congestion of business in the Supreme Court and the Court of Appeals was considered by the same session of the General Assembly, and to fully meet the situation a constitutional amendment was proposed. Acts 1916, p. 19. The general scope of this amendment is to allow writs of error to the Supreme Court and the Court of Appeals only from the superior courts, and from the city courts of Atlanta and Savannah and such other like courts as have been or may hereafter be established in other cities; and the jurisdiction of the Supreme Court and of the Court of Appeals to entertain writs of error from these courts is dependent on the nature of the subject-matter under review. That is to say, the Supreme Court shall have jurisdiction 'in all cases that involve the construction of the constitution of the State of Georgia or of the United States, or of treaties between the United States and foreign governments;

in all cases in which the constitutionality of any law of the State of Georgia or of the United States is drawn in question; and, until otherwise provided by law, in all cases respecting title to land; in all equity cases; in all cases which involve the validity of or the construction of wills; in all cases of conviction of a capital felony; in all habeas-corpus cases; in all cases involving extraordinary remedies; in all divorce and alimony cases; and in all cases certified to it by the Court of Appeals for its determination.' And the Court of Appeals shall have jurisdiction over writs of error from the same courts ' in all cases in which such jurisdiction has not been conferred by this constitution upon the Supreme Court, and in such other cases as may hereafter be prescribed by law.' This analysis of the amendment of 1916 makes it clear that a writ of error will not lie to either reviewing court from any court except a superior court or the city courts of Atlanta and Savannah and courts like them."

This is a distinct pronouncement that the courts from which writs of error will lie to the Supreme Court and to the Court of Appeals are limited by the constitution to the superior courts and the city courts of Atlanta and Savannah and other like courts. It would be repugnant to this construction of the constitutional amendment in question to construe the words, " and in such other cases as may hereafter be prescribed by law," employed in defining jurisdiction of the Court of Appeals, as authority for legislative enactment extending jurisdiction of the Court of Appeals to the review of writs of error from inferior courts not included in the above enumerated classes of courts. The words last quoted do not refer to courts at all, but to classes of cases. Those words are to be construed in connection with the language defining jurisdiction of the Supreme Court. The jurisdiction of that court comprehends two classes of cases, first unqualifiedly cases involving the construction of the constitution of the State of Georgia or the United States, or of treaties between the United States and foreign governments, and all cases in which the constitutionality of any law of the State of Georgia or the United States is drawn in question. As to all cases in this class, jurisdiction of the Supreme Court is unalterable by legislative enactment. The second class includes all cases respecting title to land; all equity cases; all cases which involve the validity of or the con-

struction of wills; all cases of conviction of a capital felony; all habeas-corpus cases; all cases involving extraordinary remedies; all divorce and alimony cases, and all cases certified to the Supreme Court by the Court of Appeals. Of this class of cases the Supreme Court has jurisdiction "until otherwise provided by law." The limitation implies that, as to any cases included in this class, the jurisdiction of the Supreme Court is alterable by legislative enactment. Any change of jurisdiction from the Supreme Court would involve conference of jurisdiction of the cases upon some other court. The Court of Appeals was contemplated as the court to which such jurisdiction might be transferred; and hence the language, "and in such other cases as may hereafter be prescribed by law." Thus, in defining the jurisdiction of both courts as to cases included in the second class, there was constitutional provision for legislative enactment taking the cases from the jurisdiction of the Supreme Court and conferring such jurisdiction on the Court of Appeals. Under such construction there is no repugnancy or incompleteness in the constitutional amendment, and it is obvious that the extension by legislative enactment of the jurisdiction of the Court of Appeals to entertainment of writs of error from trial courts other than superior courts and the city courts of Atlanta and Savannah and other courts like them, was not contemplated by the constitutional amendment in question. This answers the questions propounded by the Court of Appeals.

*All the Justices concur.*