## INMAN GROCERY COMPANY *v.* WILLIAMS.

The constitutional amendment of 1906, fixing the jurisdiction of the Supreme Court and the Court of Appeals (Civil Code of 1910, § 6506; Acts 1906, p. 24), contains a provision similar to the one contained in the constitutional amendment of 1916 (Acts 1916, p. 19), defining the jurisdiction of the Supreme Court and the Court of Appeals, and confers upon the Court of Appeals jurisdiction of a defined class of cases, and "such other cases as may hereafter be prescribed by law." Such quoted words were not intended to extend the jurisdiction of the Court of Appeals to writs of error from courts that do not fall within the class of "superior courts, and the city courts of Atlanta and Savannah, and such other like courts as have been or may hereafter

be established in other cities," as provided in the constitutional amendments above. As to courts not included in the last above-named class, it is not competent for the legislature to provide that writs of error from such courts will lie to the Court of Appeals.

No. 3554. JULY 11, 1923.

The Court of Appeals (in Case No. 13704) certified to the Supreme Court Court the following questions, a determination of which is necessary to the decision of the case:

" The constitutional amendment of 1906, fixing the jurisdiction of the Supreme Court and the Court of ·Appeals (Civil Code of 1910, § 6506; Ga. Laws 1906, p. 24), contains a provision similar to the one contained in the constitutional amendment of 1916, recasting and fixing the jurisdiction of the Supreme Court and the Court of Appeals, and the construction of which is invoked in the questions this day certified in *Taylor* v. *Stovall,* said provision providing that the legislature could enlarge the jurisdiction of the Court of Appeals ' in such other cases as may hereafter be prescribed by law.'

" 1. Is any legislative enactment, conferring jurisdiction upon the Court of Appeals to correct errors of law upon writs of error to any court other than the superior courts, and city courts in the sense in which the term ' city courts ' is used in the constitutional amendment of 1906, between the adoption of the constitutional amendment of 1906 and the one of 1916, fixing the jurisdiction of the Supreme Court and the Court of Appeals, repealed and superseded by the constitutional amendment of 1916, recasting and fixing the jurisdiction of the Supreme Court and the Court of Appeals? We assume that *Griffin* v. *Sisson,* 146 *Ga.* 661 (92 S. E. 278), is authority for the proposition that such a legislative enactment was repealed by the constitutional amendment of 1916, recasting and fixing the jurisdiction of the Supreme Court and the Court of Appeals; but since we have, in the case of *Taylor* v. *Stovall,* from the city court of Alma, invoked of the Supreme Court a ruling upon the constitutionality of a legislative enactment enlarging the jurisdiction of the Court of Appeals since the adoption of the constitutional amendment of 1916, we deem it not improper to invoke a ruling of the Supreme Court upon the constitutionality of a similar enactment prior to the constitutional amendment of 1916 but since the constitutional amendment of 1906.

" 2.   Assuming that the city court of Ft. Gaines, which was established by an act approved August 22, 1907 (Ga. Laws 1907, p. 182), after the adoption of the constitutional amendment of 1906, and before the adoption of the constitutional amendment of 1916, both fixing the jurisdiction of the Supreme Court and the Court of Appeals, is not a city court in the sense in which the term ' city court ' is used in either of the amendments to the constitution referred to, did the legislature, under the amendment to the constitution of 1906, have the power to provide, as is provided in section 36 of the act creating the city court of Ft. Gaines (Ga. Laws 1907, p. 191), for a writ of error ' direct from said city court to the Court of Appeals of this State?' And if the legislature did have the right to so provide for a writ of error direct from the city court of Ft. Gaines to the Court of Appeals, was such provision in the act of 1907 referred to repealed and superseded by the constitutional provision of 1916 recasting and fixing the jurisdiction of the Supreme Court and the Court of Appeals?

" Section 36 of the act of 1907 establishing the city court of Ft. Gaines reads as follows:   ' Be it further enacted by the authority aforesaid, that a writ of error shall be direct from said city court to the Court of Appeals of this State, upon a bill of exceptions filed under the same rules and regulations as govern and control in issuing of writs of error and filing of bills of exceptions in the superior courts of this State.' "

*Zach. Arnold,* for plaintiff in error.  *E. R. King,* contra.

HILL, J.   The amendment to the constitution of 1906 creating the Court of Appeals defined the jurisdiction of the Supreme Court and of the Court of Appeals as follows:   " The Supreme Court shall have no original jurisdiction, but shall be a court alone for the trial and correction of errors of law and equity from the superior courts in all civil cases, whether legal or equitable, originating therein  or carried thereto from the court of ordinary, and in all cases of conviction of a capital felony, and for the determination of questions certified to it by the Court of Appeals." " The Court of Appeals shall have jurisdiction for the trial and correction of errors in law and equity from the superior courts in all cases in which such jurisdiction is not conferred by this constitution on the Supreme Court, and from the city courts of Atlanta and Savannah, and such other like courts as have been or

may be hereafter established in other cities, and in such other cases as may hereafter be prescribed by law," etc. The amendment to the constitution of 1916 declared the jurisdiction of the Supreme Court and of the Court of Appeals to be as follows: "The Supreme Court shall have no original jurisdiction, but shall be a court alone for the trial and correction of errors of law from the superior courts, and the city courts of Atlanta and Savannah and such other like courts as have been or may hereafter be established in other cities; in all cases that involve the construction of the constitution of the State of Georgia or of the United States, or of treaties between the United States and foreign governments; in all cases in which the constitutionality of any law of the State of Georgia or of the United States is drawn in question; and, until otherwise provided by law, in all cases respecting titles to land; in all equity cases; in all cases which involve the validity of or the construction of wills; in all cases of conviction of a capital felony; in all habeas-corpus cases; in all cases involving extraordinary remedies; in all divorce and alimony cases; and in all cases certified to it by the Court of Appeals for its determination," etc. "The Court of Appeals shall have jurisdiction for the trial and correction of errors of law from the superior courts and from the city courts of Atlanta and Savannah, and such other like courts as have been or may hereafter be established in other cities, and in all cases in which such jurisdiction has not been conferred by this constitution upon the Supreme Court, and in such other cases as may hereafter be prescribed by law," etc.

It will thus be seen that both amendments to the constitution, in providing the character of cases that would fall within the jurisdiction of the Court of Appeals, conferred upon the Court of Appeals jurisdiction of a defined class of cases, and added "such other cases as may hereafter be prescribed by law." The words quoted, as stated above, were included in both amendments to the constitution, and should be given the same meaning in both. When properly construed such words were not intended to extend the jurisdiction of the Court of Appeals to writs of error over courts that do not fall within the class of "superior courts, and the city courts of Atlanta and Savannah and such other like courts as have been or may hereafter be established in other cities." *Taylor* v. *Stovall*, this day decided. As to courts not in-

cluded in that class it was never competent for the legislature to provide that writs of error from such courts would lie to the Court of Appeals; and consequently it would be immaterial as to whether the constitutional amendment of 1916 would have repealed any such act.

This sufficiently answers the questions propounded by the Court of Appeals.    *All the Justices concur, Russell, C. J., specially.*