Injunction. Before Judge Eve. Wheeler superior court. May 12, 1923.

*W. S. Mann,* for plaintiffs in error.

---

BOSWELL *v.* ROBERTS.
BROWN, trustee, *v.* CITY OF GREENSBORO.

1. The act creating the city court of Greensboro does not provide for a jury of twelve when demanded by either party in a civil case; and for this reason the city court of Greensboro is not a constitutional city court from which writs of error will lie direct to the Court of Appeals.
2. The constitutional amendment of 1916 does not confer upon the legislature the power to confer upon the Court of Appeals jurisdiction to entertain writs of error from courts other than superior courts and the city courts of Atlanta and Savannah and other like courts. Besides, the act creating the city court of Greensboro was passed prior to the adoption of this constitutional amendment.

No. 3876. FEBRUARY 16, 1924.

Questions certified by Court of Appeals (Cases Nos. 14842, 14862).

*J. G. Faust* and *J. P. Brown,* for plaintiffs in error.

*Miles W. Lewis, J. S. Callaway,* and *Noel P. Park,* contra.

HINES, J. The Court of Appeals desires instruction from the Supreme Court upon the following question: Does the act establishing the "city court of Greensboro" in the City of Greensboro, approved August 16, 1912 (Ga. Laws 1912, p. 220), deny to any party litigant therein the right to a jury of twelve by reason of the following provision in § 18 thereof: "Either party in a civil case may waive demand for a full panel and demand a panel of twelve jurors from which shall be selected a jury of six as hereinafter provided," and does the act by virtue of this provision fail to establish a city court in the sense in which the term city court is used in the constitution?

1. The act creating the city court of Greensboro (Acts 1912, p. 220) does not provide for trial by a jury of twelve when demanded by either party in a civil case. Sections 18 and 20 of this act must be construed together, and must be so interpreted as to give effect to the provisions of both sections. So construing this act, it provides for a panel of twenty-four jurors from which shall be selected twelve jurors to try all cases in which jury trials have not been waived; but in cases in which the defendant in any criminal case or either party in any civil case waives a full panel and demands a panel of twelve jurors, then it provides that a jury of six shall be selected to try the case. In cases in which the defendants in criminal cases, or either party in civil cases, waive a full panel and demand a panel of twelve jurors, "the jury in either civil or criminal cases shall consist of six jurors." So this act does not provide for trial by a jury of twelve, when demanded by either party in a civil case. In the absence of a waiver of a full panel and of demand for a panel of twelve jurors by either party, this act provides for the trial of civil cases by twelve jurors; but it puts it in the power of either party to a civil case to waive a full panel and demand a panel of twelve jurors, when the jury shall consist of six jurors. So either party can deprive the other of a jury trial by twelve jurors. So we are of the opinion that the language above quoted from section 18 denies to litigants in said court the right to a jury of twelve jurors, and that the city court of Greensboro is not a constitutional city court. So we answer the question of the Court of Appeals in the affirmative. *Cone* v. *American Surety Co.,* 154 *Ga.* 841 (115 S. E. 481); *Wise* v. *Planters Bank,* 30 *Ga. App.* 50 (116 S. E. 654).

2. Section 26 of the act creating this city court provides "That a writ of error shall lie from said city court to the Court of Appeals, or to the Supreme Court of this State, upon a bill of exceptions filed under the same rules and regulations as govern and control the issue of writs of error and filing of bills of exceptions in the superior courts of this State." Section 28 of this act confers upon the judge of said court the power to grant new trials in civil or criminal cases, under the same terms and conditions and under the laws and regulations which govern the grant of new trials in the superior courts. Under these sections, and especially under the former, can a writ of error be sued out from this city court

to the Court of Appeals? It is insisted by counsel for the plaintiff in error that the legislature was empowered, under the constitutional amendment of 1916 (Acts 1916, p. 19), to enact section 26 of this act, and that in consequence a writ of error will lie directly from this city court to the Court of Appeals. This constitutional amendment does not authorize the legislature to confer jurisdiction upon the Court of Appeals to entertain writs of error from courts other than superior courts, the city courts of Atlanta and Savannah, and other like courts. *Taylor* v. *Stovall*, 155 *Ga.* 894 (118 S. E. 715) ; *Inman Grocery Co.* v. *Williams*, 155 *Ga.* 200 (118 S. E. 718). Besides, the act creating the city court of Greensboro was passed prior to this constitutional amendment.

So a writ of error will not lie to the Court of Appeals from the city court of Greensboro under section 26 of the act creating such city court.

*All the Justices concur, except Russell C. J., and Gilbert, J., dissenting.*

RUSSELL, C. J. For the reasons I expressed when the same question was here before (*Cone* v. *American Surety Co.*, supra), I cannot concur in the ruling in this case. The city court of Greensboro was created in 1912 (Acts 1912, p. 220), and the constitution was amended in 1916 with peculiar reference to writs of error to the Court of Appeals, and the language used in that amendment was, "the city courts of Atlanta and Savannah and such other like courts as may have been or may hereafter be established." In my opinion that included the city court of Greensboro; for, as ruled in *Welborne* v. *State*, 114 *Ga.* 793 (40 S. E. 857), exact likeness is not essential, but only such similitude as will enable each of the city courts of the State to meet and fulfill the common purpose of relieving the congestion of business in the superior courts, or for any other reason supplying a need in any of the counties of the State containing a city. The likeness was not such as is required in the powers conferred upon banks, railroads, or other corporations formerly chartered by the legislature, the grant of whose charters has since been conferred upon the Secretary of State. If there is any doubt as to the constitutionality of the act, that doubt must be resolved in favor of validity. *Heard* v. *State*, 113 *Ga.* 444, 447 (39 S. E. 118). The adoption of a rule requiring exact likeness in the subordinate tribunals which the constitu-

tion authorizes would render the continued existence of any of them doubtful. The requirement is that these courts shall be like those of Savannah and Atlanta in their fitness and authority to serve the needs of the people of a particular community. The phrase like those of Savannah and Atlanta, when originally used. in the constitution of 1877 and ever since, means no more than this. It certainly does not mean that there is any fixed requirement as to the numbers of jurors as an essential requisite. At the time that the constitution of 1877 was adopted the city court of Savannah allowed twelve jurors and the city court of Atlanta five, while six are allowed in the city court of Greensboro. As to the city court of Atlanta see Acts 1871-2, pp. 57, 61.

GILBERT, J. The act of the General Assembly creating the city court of Greensboro (·Ga. Laws 1912, p. 219) provides, in section 19, "That all laws in reference to qualifications, relations, impanel- ing, fining, and challenging jurors now in force in this State are [or] hereafter enacted by the General Assembly regulating the same, in the superior court, shall apply to and be observed in said city court, except when inconsistent with provisions of this act." In section 20 it is provided: "That the twenty-four jurors drawn and summoned as above provided shall constitute the panel, from which panel twelve jurors are to be selected to try all cases where jury trial has not been waived, selection to be made as follows: In civil cases the plaintiff and defendant are to have six strikes each; in criminal cases the defendant is to have eight strikes and the State to have four strikes. Provided, however, that where a full panel has been waived as provided in section 18 and a panel of twelve has been summoned, the strikes shall be proportionately the same as when twenty-four jurors are summoned, and the jury in either civil or criminal cases shall consist of six jurors." In section 18 it is provided as follows: "That it shall be the duty of the clerk of said city court to prepare and file in his office a complete copy of jury lists of the superior court of Greene County, as provided from time to time for said superior court. From said copy so made jurors in said city court shall be drawn in the following manner: The clerk of said city court shall write upon separate tickets the name of each juror, and shall number the same and place the same in a box to be prepared for the purpose, from which shall be drawn 24 jurors in the manner now required by law

in the superior courts; *provided, however,* that the defendant in any criminal case and either party in any civil case may waive demand for a full panel and demand a panel of twelve jurors from which shall be selected a jury of six as hereinafter provided." It will be observed that the act provides for the trial of all cases by a jury of twelve, except as designated in the proviso found in the eighteenth section. The language of that proviso is not clear. It should, however, be given a reasonable construction; and it appears more reasonable to construe the language to mean that where both parties waive a panel of twelve and agree to try the case before a jury of six, the same is legal. It would appear to be unreasonable to construe the act to mean that where one party waives a jury of twelve, such waiver will be binding upon the opposite party. Giving it this construction, the court is one where all cases must be tried by a jury of twelve except where the same is waived. Accordingly the city court of Greensboro, under the terms of the act creating the same, is a constitutional court, from which there may be a writ of error sued out to the Court of Appeals.