## 23813. BARBER *v.* THE STATE.

DECIDED SEPTEMBER 29, 1934.

*I. J. Bussell,* for plaintiff in error.
*Homer L. Causey, solicitor,* contra.

MacINTYRE, J. This case comes to this court by direct bill of exceptions to a judgment of the County Criminal Court of Bacon County, finding the plaintiff in error guilty of disturbing divine worship. That court was established under and in pursuance to the act of 1929 (Ga. L. 1929, p. 394) as amended by an act of 1933 (Ga. L. 1933, p. 319). The question is presented whether the Court of Appeals can entertain a direct bill of exceptions from such court. Under the act of 1929 the only method of appeal from such court was by way of certiorari to the superior court. This act was amended in 1933, so as to provide that "a writ of error shall be direct from said county criminal court to the Court of Appeals of Georgia, upon a bill of exceptions filed under the same rules and regulations as govern and control the issue of writs of error and filing of bills of exceptions in the superior courts of this State." (Ga. L. 1933, p. 320.)

Under article 6, section 7, paragraph 1 of the constitution of this State (Michie's Code, § 6506) "The Court of Appeals shall have jurisdiction for the trial and correction of errors of law from the superior courts and from the city courts of Atlanta and Savannah, and such other like courts as have been or may hereafter be established in other cities, in all cases in which such jurisdiction has not been conferred by this constitution upon the Supreme Court, and in such other cases as may hereafter be prescribed by law." The provision of the above-quoted section, to wit, "and in such other

cases as may hereafter be prescribed by law," has been construed not to extend the jurisdiction of the Court of Appeals to writs of error from courts that do not fall within the class of "superior courts and city courts of Atlanta and Savannah and such other like courts as have been or may hereafter be established in other cities." *Taylor* v. *Stovall,* 155 *Ga.* 894 (118 S. E. 715); *Inman Grocery Co.* v. *Williams,* 155 *Ga.* 900 (118 S. E. 718); *Boswell* v. *Roberts,* 157 *Ga.* 585 (122 S. E. 216). "As to courts not included in the last above named class, it is not competent for the legislature to provide that writs of error from such courts will lie to the Court of Appeals." *Inman Grocery Co.* v. *Williams,* supra.

It was said in *Griffin* v. *Sisson,* 146 *Ga.* 661 (92 S. E. 278), "A court to be one like the city courts of Atlanta and Savannah must not only be located at a county seat, which has been incorporated as a city, but must have jurisdiction to try criminal cases below the grade of felony and over a portion or all of those classes of cases, the jurisdiction over which is not by the constitution exclusively vested in some other court, with territorial jurisdiction in both civil and criminal cases, either throughout the limits of the county, or jurisdiction in one class of cases limited to the city, and in the other class coextensive with the limits of the county, with a jury of twelve to try all cases, both civil and criminal, if a trial by a jury is demanded."

While it has been held that a court, to come within the provision of "other like courts" (referring to the city courts of Atlanta and Savannah), need not be exactly the same, but must be substantially the same as to jurisdiction, etc., as one or the other of the courts named in the constitution (*Western Union Tel. Co.* v. *Jackson,* 98 *Ga.* 207, 210, 25 S. E. 264; *Welborne* v. *State,* 114 *Ga.* 793, 40 S. E. 857; *Stewart* v. *State,* 98 *Ga.* 202, 205, 25 S. E. 424), and, without discussing in detail the various dissimilarities between the County Criminal Court of Bacon County and such city courts, there appears to this court one major difference which is sufficient for the purposes of this decision. The act of 1929, supra, provided that "in all cases, either civil or criminal, where issues are to be tried by a jury, the parties shall be entitled to a panel of twelve jurors from which to strike; in criminal cases the defendant shall have four strikes and the State shall be entitled to two strikes, and the first shall be on the defendant, leaving a jury of six to try

said case, and in civil cases the parties shall have three strikes each, and it shall never be necessary to make a demand for a jury in said court." (Ga., L. 1929, pp. 394-402.) It is thus seen that the act provides for the trial of civil and criminal cases by a jury of six men.

In *Welborne* v. *State,* supra, Justice Cobb, rendering the opinion of the court, said: "If the act creating the court provides that a jury of less than twelve should try any case, the court is not 'a city court' within the meaning of that term as used in the constitution." See also *Monford* v. *State,* 114 *Ga.* 528 (40 S. E. 798), in which it was held that "A writ of error does not lie to the Supreme Court from a 'city court,' when the act for the establishment of the same . . does not provide for jury trials by a full panel of twelve jurors." Upon a review of these cases the Supreme Court, in *Ash* v. *Peoples Bank of Oliver,* 149 *Ga.* 713 (101 S. E. 912), reaffirmed and followed the rulings made therein. See also *Boswell* v. *Roberts,* 157 *Ga.* 585 (122 S. E. 216); *Griffin* v. *Sisson,* 146 *Ga.* 661 (92 S. E. 278); *Whitten* v. *Rogers,* 28 *Ga. App.* 441 (111 S. E. 678).

It is therefore plain, without attempting to make detailed distinctions between the court from which a direct bill of exceptions is taken in this case and the city courts of Atlanta and Savannah, that for the above reason the County Criminal Court of Bacon County can not be considered a "like" court as provided in the constitution, and that a direct bill of exceptions will not lie therefrom to this court.

*Writ of error dismissed. Broyles, C. J., and Guerry, J., concur.*