HENDERSON *v.* ANDERSON *et al.*

No. 12742. MAY 10, 1939.

*R. J. Bacon,* for plaintiff.

*S. B. Lippitt, Bennet & Peacock, Leonard Farkas* and *Walter H. Burt,* for defendants.

JENKINS, Justice. 1. The parties to a bill of exceptions "can not confer jurisdiction upon the Supreme Court by agreement, for the purpose of testing certain questions involved in their case" (*Bass* v. *Bass,* 73 *Ga.* 134, 75 *Ga.* 883) ; and where it is apparent that this court has no jurisdiction, it is the duty of the court on its own motion to raise such question, and to dismiss the writ of error. *Welborne* v. *State,* 114 *Ga.* 793, 795, 796 (40 S. E. 857) ; *Van Ormer* v. *Harris,* 184 *Ga.* 411 (191 S. E. 378) ; *Gilbert* v. *Tippins,* 183 *Ga.* 497 (2, 3) (188 S. E. 699) ; *Johnson* v. *Battle,* 120 *Ga.* 649 (48 S. E. 128).

2. Except where a fast writ of error is permitted (Code, § 6-903), a writ of error can not be brought to the appellate court while the cause remains pending in the court below, unless the decision or judgment complained of is a final judgment, or is one which "would have been a final disposition of the cause, or final as to some material party thereto," if it "had been rendered as claimed by the plaintiff in error." Code, § 6-701. Therefore the mere striking, on general or special demurrer, of part of a petition, where a complete cause of action remains for determination, and there has been no dismissal following a refusal or failure to amend after opportunity given, is a mere interlocutory judgment, to which exception must be taken pendente lite, and which is not reviewable until there is a final judgment or decree. *Richter* v. *Macon Gas Co.,* 144 *Ga.* 650 (2), 655 (87 S. E. 895) ; *Fickett* v. *Fuller,* 171 *Ga.* 190 (154 S. E. 784) ; *Hitchcock* v. *Hamilton,* 184 *Ga.* 700 (192 S. E. 726) ; *Carhart* v. *Mackle,* 22 *Ga. App.* 520, 522 (96 S. E. 591), and cit.

3. The mere failure, at a hearing on demurrer before the final hearing, to appoint a trustee, as prayed in an equitable petition, will not support a fast or ordinary writ of error, where the cause remains for trial or final decree. This is especially true where, as here, the order rules that "a trustee should be appointed," but merely fails to do so.

4. In this suit by an alleged cestui que trust, holding an alleged

vested remainder under trust deeds, against the life-tenants, another remainderman, and a city, for injunction, accounting, damages, a construction of the trust deeds, and for appointment of a trustee with the powers of a receiver to take charge of the alleged original trust property and other properties in which its proceeds were reinvested, held or claimed by the individual defendants and by the city, there were general and special demurrers on grounds of no cause of action, an adequate remedy at law, bar by the statute of limitations and laches, multifariousness, misjoinder, and insufficiency of particular paragraphs. While the order of the court sustained "the demurrers" of "all of the defendants," it did so with two express exceptions, "as to the allegations and prayers for the construction of the [trust] deeds, and the allegations and prayers for the appointment of a trustee for the property mentioned in said deeds." The order construed the deeds as creating a vested remainder, held that "a trustee should be appointed for the property mentioned in said deeds, *including property purchased with any funds derived from the sale of any original property, said trustee to hold, possess, and control said property for the uses and benefits of the parties in said deeds as construed by this order,*" and held that "the legal title to said property vested and vests in the trustee." Under the terms of this order, the cause was not dismissed on either general or special demurrers, but was left pending for final hearing and decree on the particular averments and prayers stated. The contention of the city that the order constituted a dismissal as to the city, because it is unconcerned with the appointment of a trustee and the questions left in the case, can not be upheld, since, as alleged, the city claimed part of the described lands which were included in the original trust or in which the trust funds had been reinvested, and since the order found that a trustee not only should be appointed but should take possession and control of all trust properties both of the original trust and the reinvestments, and since, under the averments, the city, as well as the individual defendants, was necessarily concerned in the effect of such a holding upon property which the petition alleged that the city claims. Assuming for the purposes of this decision, but not deciding, that the order, as contended by the city, should be construed as adjudicating adversely to the plaintiff his prayers for injunction, accounting, and damages, the order with respect

to that portion of the petition against all of the defendants, which prayed for a construction of the deeds and for the appointment of a trustee to take charge of the remainder of the original property embraced in the deeds and the property subsequently acquired from funds arising therefrom, would be sufficient to compel an adjudication that a portion of the case against all of the defendants remains pending. The order left the case open, not only for the appointment of a trustee, but also for a determination as to what properties of the original trust and of the alleged reinvestments should be subjected to the trust and held, possessed, and controlled by the trustee under the terms of the order.

5. Although the writ of error must be dismissed as premature, in the circumstances leave is granted to the plaintiff in error to treat the official copy of the bill of exceptions, of file in the trial court, as exceptions pendente lite.

*Writ of error dismissed, with direction. All the Justices concur.*