## 40183. BAGGETT TRANSPORTATION COMPANY
## v. BARNES.

RUSSELL, Judge. This is a workmen's compensation case in which the only questions raised (one filed by the claimant and another by the employer) are as to the award of the full board affirming an award of a deputy director. The procedure follows the Act of 1963 (Ga. L. 1963, p. 141 at p. 156, approved March 15, 1963) attempting to repeal the former *Code* § 114-710 and to provide a direct appeal to the Court of Appeals from such award.[1] Prior thereto *Code* § 114-710 provided for appeals to the superior courts, and writ of error from superior courts to this court.[2]

Although neither party has raised any question of the jurisdiction of this court, it is always the primary duty of the court, with or without motion, to examine into its own jurisdiction if the question presents any doubt. *Woodside v. City of Atlanta*, 214 Ga. 75 (103 SE2d 108); *Williams v. Williams*, 203 Ga. 231

---

[1] "The party conceiving himself to be aggrieved may file an application in writing with the Board asking for an appeal from any such order or decree, stating generally the grounds upon which such appeal is sought. In the event such appeal is filed as hereinbefore provided, the Board shall, within 30 days from the filing of the same, cause certified copies of all documents and papers then on file in their office in the matter, and a transcript of all testimony taken therein, to be transmitted with their findings and order or decree to the clerk of the Court of Appeals. The cause so appealed may thereupon be brought on for a hearing in accordance with the rules of said Court."

[2] "[E]ither party to the dispute may, within 30 days from the date of any such final award, or within 30 days from the date of any other final order or judgment of the directors, but not thereafter, appeal from the decision in such final award or from any other final decision of said Board to the superior court of the county in which the injury occurred, or if the injury occurred without the State, then to the superior court of the county in which the original hearing was had, in the manner hereafter outlined, and upon the following grounds, viz: The party conceiving himself to be aggrieved may file an application in writing with the Board asking for an appeal from any such order or decree, stating generally the grounds upon which such appeal is sought."

(3) (46 SE2d 65); *Brockett v. Maxwell*, 200 Ga. 213 (1) (36 SE2d 638); *Henderson v. Anderson*, 188 Ga. 118 (3 SE2d 97); *Freeman v. Atlanta Police Relief Assn.*, 62 Ga. App. 523 (8 SE2d 711); *Hobbs v. New England Ins. Co.*, 93 Ga. App. 687 (92 SE2d 636). In determining such jurisdiction, it is also the duty of the Court of Appeals to apply to statutory enactments the unquestioned and unambiguous provisions of the Constitution of this State, *Dade County v. State of Georgia*, 201 Ga. 241 (2a) (39 SE2d 473) as interpreted by prior decisions of the Supreme Court of Georgia. In so doing, if it appears that an insoluble conflict results between the statute and the Constitution, the provisions of the Constitution are fundamental and must control. *Copland v. Wohlwender*, 197 Ga. 782 (4) (30 SE2d 462).

The jurisdiction of the Court of Appeals is set out in Art. VI, Sec. II, Par. VIII of the Constitution (*Code Ann.* § 2-3708).[3]

Prior to the establishment of this court in 1906, the Supreme Court had jurisdiction "for the trial and correction of errors of law from the superior courts, and the city courts of Atlanta and Savannah, and such other like courts as have been or may hereafter be established in other cities." Art. VI, Sec. II, Par. V, Constitution of 1877. The provision is jurisdictional, and it was held in *Welborne v. State*, 114 Ga. 793 (40 SE 857), that a court which was not a "like court" to those named was not within the jurisdiction of the Supreme Court and that a bill of exceptions from such a court (in that case

---

[3] "The Court of Appeals shall have jurisdiction for the trial and correction of errors of law from the superior courts and from the City Courts of Atlanta and Savannah, as they existed on August 19, 1916, and such other like courts as have been or may hereafter be established in other cities, in all cases in which such jurisdiction has not been conferred by this Constitution upon the Supreme Court, and in such other cases as may hereafter be prescribed by law; except that where a case is pending in the Court of Appeals and the Court of Appeals desires instruction from the Supreme Court, it may certify the same to the Supreme Court, and thereupon a transcript of the record shall be transmitted to the Supreme Court, which, after having afforded to the parties an opportunity to be heard thereon, shall instruct the Court of Appeals on the question so certified, and the Court of Appeals shall be bound by the instruction so given."

a criminal court established in the City of Atlanta where a constitutional court already existed, and therefore not one which the General Assembly had power to create as a "like court" to a constitutional court) was not within the jurisdiction of the Supreme Court, and would necessarily have to be dismissed for the reason that the Supreme Court had no constitutional authority to review a judgment directly from such court even though the procedure was authorized by the statute creating the court.

In 1906 the Georgia Constitution was amended by changing Art. VI, Sec. II, Par. V of the Constitution of 1877 (Art. VI, Sec. II, Par. IV of the Constitution of 1945; *Code Ann.* § 2-3704) relating to the jurisdiction of the Supreme Court and adding Art. VI, Sec. II, Par. IX (now Par. VIII, *Code Ann.* § 2-3708) defining the jurisdiction of the newly created Court of Appeals. Reference to the 1906 Senate and House Journals at this point is most enlightening on a question here at issue, which is the meaning of the constitutional provision giving the Court of Appeals jurisdiction for the trial and correction of errors of law from the superior courts, certain constitutional courts, and other like courts where jurisdiction is not conferred specifically on the Supreme Court "in such other cases as may hereafter be prescribed by law." The original substitute bill in the House of Representatives specified that the Supreme Court "shall be a court alone for the trial and correction of errors from the superior courts in all civil cases, whether legal or equitable, originating therein, and in all cases of felony" (Journal of the House of Representatives, 1906, p. 466, Sec. 2), and that the Court of Appeals shall have jurisdiction for "the trial and correction of errors from the superior courts in all cases in which such jurisdiction is not conferred by this Constitution on the Supreme Court, and from the city courts of Atlanta and Savannah, and such other like courts as have been or may be hereafter established in other cities" (id. Sec. 3, p. 467). Thereafter the Senate amended the proposed amendment by adding the italicized portions quoted below: (Supreme Court) "from the superior courts in all civil cases whether legal or equitable, originating therein *or carried thereto from the court of ordinary,* and in all cases of conviction of *a capital* felony" (Senate Journal, 1906, p. 339) and (Court of Appeals) "from the superior courts in all cases in which such jurisdiction is not conferred by this Constitution

on the Supreme Court, and from the city courts of Atlanta and Savannah, and such other like courts as have been or may be hereafter established in other cities *and in such other cases as may hereafter be prescribed by law*" (Id. p. 341). It is obvious from the context of the amendment that the language "such other cases as may hereafter be prescribed by law" refers to the type of case over which the Court of Appeals has jurisdiction, its jurisdiction in all events being complementary to that of the Supreme Court, and both courts together having that total jurisdiction which the Supreme Court had in the first instance, which was limited in extent to *all cases* coming, however, from *only specified courts*, that is, the superior courts of this State, the city courts of Atlanta and Savannah which were the only constitutional courts existing at that time, and "other like courts." This jurisdiction was divided between two appellate courts without enlargement, and then by the Senate amendment, which changed the jurisdictional distribution, provision was also made for further changes in allocation of types of cases between the two courts. While the language of the amendment would suggest that these further changes might have come within the purview of the General Assembly, it nevertheless has not acted upon the authority conferred, and when the jurisdiction was further changed by extending the jurisdiction of the Court of Appeals to certain cases originating in the superior courts, constitutional courts, and other like courts, such as negligence cases, this was also done by constitutional amendment. (Ga. L. 1916, p. 19, ratified Nov. 7, 1916). That this is so is made abundantly clear in *Griffin v. Sisson*, 146 Ga. 661 (92 SE 278) ; *Taylor v. Stovall*, 155 Ga. 894 (118 SE 715) ; and *Inman Grocery Co. v. Williams*, 155 Ga. 900 (118 SE 718). The latter case specifically deals with the constitutional language "such other cases as may hereafter be prescribed by law" and holds that "such quoted words were not intended to extend the jurisdiction of the Court of Appeals to writs of error from courts that do not fall within the class of 'superior courts, and the city courts of Atlanta and Savannah, and such other like courts as have been or may hereafter be established in other cities.' " Following these cases, and also in answer to a certified question from this court, the Supreme Court in *Boswell v. Roberts*, 157 Ga. 585 (122 SE 216), held that the City Court of Greensboro, which was created by statute and

had a provision that "a writ of error shall lie from said city court to the Court of Appeals, or to the Supreme Court of this State, upon a bill of exceptions filed under the same rules and regulations as govern and control the issue of writs of error and filing of bills of exceptions in the superior courts of this State," was not a "like court" to the courts from which writs of error would lie to the Supreme Court and Court of Appeals, for which reason this court had no jurisdiction over the bill of exceptions and the only proper judgment would be a judgment of dismissal.

The State Board of Workmen's Compensation is not only not a "like court"; it is not a court at all but is an administrative body with only those powers and duties given it by statute. *Plummer v. State,* 90 Ga. App. 773 (84 SE2d 202); *Travelers Ins. Co. v. Haney,* 92 Ga. App. 319 (88 SE2d 492); *Maryland Cas. Co. v. Stephens,* 76 Ga. App. 723 (47 SE2d 108); *City of Hapeville v. Preston,* 67 Ga. App. 350 (20 SE2d 202); *Aetna Life Ins. Co. v. Davis,* 172 Ga. 258 (157 SE 449). The Court of Appeals, the jurisdiction of which is fixed by the Constitution, has no power to entertain a direct appeal from the board, and the General Assembly has no power by legislation to enlarge the jurisdiction of the Court of Appeals to entertain such appeals in the absence of constitutional authority so to do. *A fortiori,* the award of a director or deputy director of the Board of Workmen's Compensation cannot itself be made the basis of a direct appeal to this court. While it is provided in Art. VI, Sec. II, Par. IV of the Constitution of 1945 (*Code Ann.* 2-3704) that "The General Assembly may provide for carrying cases or certain classes of cases to the Supreme Court and the Court of Appeals from the trial courts otherwise than by writ of error," this can not give vitality to the provision of the amendment to the Workmen's Compensation Act that we here consider, for, as must be observed, this provision is limited to cases coming from *trial courts.*

No constitutional question has been raised by the parties in this case, nor, perhaps, would it be possible for them to do so after electing to come within the provisions of the Act. See *Continental Cas. Co. v. Bump,* 218 Ga. 187 (126 SE2d 783). But the court must always determine its own jurisdiction as we have already pointed out. Thus, it is plain that under applicable provisions of the Constitution and decisions of the Supreme Court we are without jurisdiction and we have no

choice but to pass upon and decide the question. "Where there is a variance between an Act of the General Assembly and a constitutional provision, the constitutional provision prevails. *Code Ann.* § 2-402. *Whitman v. State,* 96 Ga. App. 730 (1) (101 SE2d 621). Although we are well aware that such action may cause hardship to those who have taken the amendment at its face value, we have no alternative but to recognize that Section 15 of the amendment to the Workmen's Compensation Act (Ga. L. 1963, p. 156), is void as being beyond the power of the legislature under applicable constitutional provisions. The result is that *Code* § 114-710, providing for appeals from the Board of Workmen's Compensation to the superior courts, remains in full force and effect, and leaves this court with jurisdiction to entertain writs of error from the various superior courts of the State assigning error on judgments of the judges of such courts on the appeal of Workmen's Compensation cases to their respective courts. *Clark v. Reynolds,* 136 Ga. 817 (72 SE 254); *Jones v. State,* 151 Ga. 502 (107 SE 765); *Freeney v. Pape,* 185 Ga. 1 (194 SE 515); *Liberty Mut. Ins. Co. v. Crist,* 86 Ga. App. 584 (71 SE2d 910). This of course has no effect upon any part of the Act of 1963 other than Section 15 relating to appeals. *Wilson v. City Council of Augusta,* 165 Ga. 520 (141 SE 412).
This appeal must accordingly be

Dismissed. *Felton, C. J., Carlisle, P. J., Nichols, P. J., Bell, Frankum, Jordan, Hall, and Eberhardt, JJ., concur.*

DECIDED JUNE 4, 1963—REHEARING DENIED JUNE 19, 1963.

*Mitchell, Clarke, Pate & Anderson, William M. Pate,* for appellant.
*William V. George,* contra.